## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHAMISA ARMSTEAD,                              )
parent and next friend of D.A., a minor        )
11 Galveston Place, SW, #1                      )
Washington, D.C. 20032                          )
                                                )
and                                             )
                                                )        Civil Action No.
TIFFANIE LITTLE,                                )
parent and next friend of T.B., a minor        )
2701 Robinson Place, SE, #102                   )
Washington, D.C. 20020                          )
                                                )
and                                             )
                                                )
SHIRLEY RICHARDSON,                            )
parent and next friend of C.B., a minor        )
2130 H Street, NE                               )
Washington, D.C. 20002                          )
                                                )
and                                             )
                                                )
BEVERLY FENNELL,                                )
parent and next friend of C.B., a minor        )
2808 Terrace Road, SE, #457                     )
Washington, D.C. 20020                          )
                                                )
and                                             )
                                                )
CHARLIE HILL and JOYCELYNN BUSH,    )
parents and next friends of W.A.B., a minor )
1116 Orren Street, NE                            )
Washington, D.C. 20002                          )
                                                )
and                                             )
                                                )
ELAINE BUSH,                                    )
parent and next friend of D.B., a minor        )
2835 Q Street, SE                               )
Washington, D.C. 20020                          )
                                                )

CASE NUMBER    1:06CV00276

JUDGE: Reggie B. Walton

DECK TYPE: Administrative Agency Rev.

DATE STAMP: 02/14/2006

1

and                                              )
                                                 )
JOYCE RICHARDSON,                                )
parent and next friend of J.C., a minor          )
960 Mt. Olivet Road, NE                          )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )
BARBARA AGNEW,                                   )
parent and next friend of E.C., a minor          )
526 Somerset Place, NW                           )
Washington, D.C. 20011                           )
                                                 )
and                                              )
                                                 )
ROBIN DEBRUCE,                                   )
parent and next friend of C.D., a minor          )
2758 Bruce Place, SE                             )
Washington, D.C. 20020                           )
                                                 )
and                                              )
                                                 )
FRENCHEE DOSTER,                                 )
parent and next friend of I.D., a minor          )
2018 Maryland Avenue, NE, #109                   )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )
LISA JENKINS,                                    )
parent and next friend of S.G., a minor          )
2701 Robinson Place, SE                          )
Washington, D.C. 20032                           )
                                                 )
and                                              )
                                                 )
CHERYL GREGORY-RIVAS,                            )
parent and next friend of A.G.R., a minor        )
1358 Spring Road, NW                             )
Washington, D.C. 20010                           )
                                                 )
and                                              )

2

TRINA HAILSTORKS,                                )
parent and next friend of C.H., a minor          )
310 Anacostia Road, SE, #A21                     )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )
VANESSA HAMMOND,                                 )
parent and next friend of C.H., a minor          )
318 20TH Street, NE                              )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )
BETTY WASHINGTON,                                )
parent and next friend of E.H., a minor          )
4101 3rd Street, NW                              )
Washington, D.C. 20011                           )
                                                 )
and                                              )
                                                 )
ANGELA HICKSON,                                  )
parent and next friend of L.H., a minor          )
3320 6th Street, SE, #103                        )
Washington, D.C. 20032                           )
                                                 )
and                                              )
                                                 )
TOWANNA HINES,                                   )
parent and next friend of M.H., a minor          )
4820 Benning Road, SE, #104                      )
Washington, D.C. 20019                           )
                                                 )
and                                              )
                                                 )
CHRISTINE HOLLOWAY,                              )
parent and next friend of J.H., a minor          )
5216 4th Street, NW                              )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )

CHRISTINE HOLLOWAY,                    )
parent and next friend of J.H., a minor    )
5216 4th Street, NW                     )
Washington, D.C.  20002                 )
                                        )
and                                     )
                                        )
MARY HOOVER,                           )
parent and next friend of J.H., a minor    )
3021 G Street, SE                       )
Washington, D.C.  20019                 )
                                        )
and                                     )
                                        )
SHARON HORTON,                         )
parent and next friend of R.H., a minor    )
2802 Douglas Place, SE                  )
Washington, D.C.  20020                 )
                                        )
and                                     )
                                        )
SHEILA BROWN,                          )
parent and next friend of C.J., a minor    )
116 53rd Street, SE                     )
Washington, D.C.  20019                 )
                                        )
and                                     )
                                        )
CATHY JOHNSON,                         )
parent and next friend of M.J., a minor    )
1424 W Street, NW                       )
Washington, D.C.  20009                 )
                                        )
and                                     )
                                        )
SHANNON JOHNSON,                       )
parent and next friend of S.J., a minor    )
3678 Hayes Street, NE                   )
Washington, D.C.  20019                 )
                                        )
and                                     )
                                        )

4

WANDA KEARNEY,                                          )
parent and next friend of K.K., a minor                )
1212 Oates Street, NE                                  )
Washington, D.C.  20002                                )
                                                       )
and                                                    )
                                                       )
ADJELEGAN LASSEY,                                      )
parent and next friend of J.K., a minor                )
1290 Morse Street, NE                                  )
Washington, D.C.  20002                                )
                                                       )
and                                                    )
                                                       )
SARAH LEE,                                             )
parent and next friend of C.L., a minor                )
880 Southern Avenue, SE, #203                          )
Washington, D.C.  20032                                )
                                                       )
and                                                    )
                                                       )
SHARON LILLY-JOYNER,                                   )
parent and next friend of S.L., a minor                )
5337 Clay Terrace, SE                                  )
Washington, D.C.  20019                                )
                                                       )
and                                                    )
                                                       )
LASHAUN LOWERY,                                        )
parent and next friend of L.L., a minor                )
608 44th Street, NE, #101                              )
Washington, D.C.  20019                                )
                                                       )
and                                                    )
                                                       )
WILLIAM MARROW,                                        )
parent and next friend of A.M., a minor                )
1011 14th Street, SE, #11                              )
Washington, D.C.  20003                                )
                                                       )
and                                                    )
                                                       )

MARION MCDOWELL,                                      )
parent and next friend of D.M., a minor              )
4125 Ames Street, NE, #103                           )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
ALISHA MILLER,                                       )
parent and next friend of D.P., a minor              )
626 Chesapeake Street, SE                            )
Washington, D.C.  20032                              )
                                                     )
and                                                  )
                                                     )
JEAUNEL PARTRIDGE,                                   )
parent and next friend of J.P., a minor              )
4530 Quarles Street, NE                              )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
JEANETTE ROBINSON,                                   )
parent and next friend of A.R., a minor              )
4129 Anacostia Avenue, NE                            )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
JANEENA ROBINSON,                                    )
parent and next friend of D.R., a minor              )
4486 Douglas Street, NE                              )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
SUKITHIA ROBINSON,                                   )
parent and next friend of T.R., a minor              )
2900 14th Street, NW, #104                           )
Washington, D.C.  20009                              )
                                                     )
and                                                  )
                                                     )

CLAUDIA WRIGHT,              )
parent and next friend of S.R., a minor  )
2611 Douglas Road, SE, #204      )
Washington, D.C. 20020         )
                               )
and                          )
                               )
GIDGET RUCKER,             )
parent and next friend of J.R., a minor  )
304 50th Street, NE, #31         )
Washington, D.C. 20019         )
                               )
and                          )
                               )
EVELYN SAVOY,              )
parent and next friend of D.S., a minor  )
2845 Robinson Place, SE, #403     )
Washington, D.C. 20020         )
                               )
and                          )
                               )
SHIRLEY RICHARDSON,      )
parent and next friend of S.S., a minor  )
2130 H Street, NE               )
Washington, D.C. 20002         )
                               )
and                          )
                               )
ALLEGRA SMITH,             )
parent and next friend of J.S., a minor  )
5104 Jay Street, NE            )
Washington, D.C. 20019         )
                               )
and                          )
                               )
WANDA SMITH,              )
parent and next friend of M.S., a minor )
4229 3rd Street, NW            )
Washington, D.C. 20011         )
                               )
and                          )
                               )

KAREN TATE,                                        )
parent and next friend of M.T., a minor            )
5013 Ayers Place, SE                               )
Washington, D.C. 20019                             )
                                                   )
and                                                )
                                                   )
CATHERINE TAYLOR,                                  )
parent and next friend of D.T., a minor            )
4715 Jay Street, NE                                )
Washington, D.C. 20019                             )
                                                   )
and                                                )
                                                   )
KENDRA HEAD FLOWERS,                               )
parent and next friend of V.W., a minor            )
3313 22nd Street, SE                               )
Washington, D.C. 20020                             )
                                                   )
and                                                )
                                                   )
FELICIA CLOUTTERBUCK,                              )
parent and next friend of A.W., a minor            )
5312 E Street, SE, #203                            )
Washington, D.C. 20019                             )
                                                   )
and                                                )
                                                   )
LAKIA WHITE,                                       )
parent and next friend of T.W., a minor            )
1801 28th Place, SE, #8                            )
Washington, D.C. 20020                             )
                                                   )
and                                                )
                                                   )
JEANETTE WILLIAMS,                                 )
parent and next friend of K.W., a minor            )
1440 Eastern Avenue, NE                            )
Washington, D.C. 20019                             )
                                                   )
and                                                )
                                                   )

YOLANDA FERGUSON,                                )
parent and next friend of T.W., a minor          )
2713 Robinson Place, SE, #103                    )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
ANNIE WINGFIELD,                                 )
parent and next friend of S.W., a minor          )
79 L Street, NW, #104                            )
Washington, D.C.  20001                          )
                                                 )
                    Plaintiffs,                  )
                                                 )
         v.                                      )
                                                 )
THE DISTRICT OF COLUMBIA                          )
A Municipal Corporation                          )
One Judiciary Square                             )
441 Fourth Street, NW                            )
Washington, D.C.  20001                          )
                                                 )
serve:                                           )
                                                 )
ANTHONY L. WILLIAMS, Mayor                        )
District of Columbia                             )
1350 Pennsylvania Avenue, NW, 5th Floor         )
Washington, D.C.  20004                          )
                                                 )
serve:                                           )
                                                 )
ROBERT SPAGNOLETTI                                )
Senior Corporation Counsel                        )
District of Columbia                             )
1350 Pennsylvania Avenue, NW, Suite 409           )
Washington, D.C.  20004                          )
                                                 )
and                                              )
                                                 )
CLIFFORD JANEY (officially)                       )
Superintendent, D.C. Public Schools               )
825 North Capitol Street, NE                      )
Suite # 9026                                     )

9

Washington, D.C. 20002                    )
                                          )
                    Defendants.           )
_____  )

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"). Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

### JURISDICTION

2.      This Court has jurisdiction pursuant to:

        a.      The Individuals with Disabilities Education Improvement Act, 20

                U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section

                504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*

                decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title

                5 §§ 3000.1 - 3701.3 (2003);

        b.      42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

10

remedy for acts taken under color of law that subject any citizen of

the United States or person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the

Constitution and laws;

    c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well

as their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

IDEA. The parents bring this action on behalf of the children and in their own right, and

the individual Plaintiffs are designated as follows:

    a.    At all times relevant hereto, DeAngelo Armstead was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

August 1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $7,593.60 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,593.60

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

11

Determination ("HOD") are attached hereto as EXHIBIT 1.

      b.     At all times relevant hereto, Tyrone Barnes was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about August

23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $7,909.67 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,909.67

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 2.

      c.     At all times relevant hereto, Charmaine Brandon was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

August 5, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $6,149.97 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,149.97

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 3.

      d.     At all times relevant hereto, Charles Busey was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 5, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,805.96 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,805.96 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 4.

     e.     At all times relevant hereto, Willie Ann Bush was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,828.70 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $12,828.70 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 5.

     f.     At all times relevant hereto, Deisha Bush was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 12, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

13

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $11,338.03 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$11,338.03 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 6.

        g.      At all times relevant hereto, JuVaun Carter was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $7,324.08 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,324.08

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 7.

        h.      At all times relevant hereto, Ebbony Crouch was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

14

attorneys' fees and costs in the amount of $10,509.83 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$10,509.83 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 8.

      i.     At all times relevant hereto, Charles DeBruce was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 7,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $17,607.00 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$17,607.00 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 9.

      j.     At all times relevant hereto, Isaiah Doster was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about August 4,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,828.85 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,828.85 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 10.

k.      At all times relevant hereto, Shaynese Green was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 17, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,985.48 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,985.48 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 11.

l.      At all times relevant hereto, Angelo Gregory-Rivas was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,815.08 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,815.08 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

16

Determination ("HOD") are attached hereto as EXHIBIT 12.

      m.    At all times relevant hereto, Crystal Hailstorks was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $16,170.02 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $16,170.02 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 13.

      n.    At all times relevant hereto, Chakira Hammond was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 17, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,616.96 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,616.96 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 14.

      o.    At all times relevant hereto, Edward Harrod was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,158.71 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,158.71 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 15.

        p.      At all times relevant hereto, Leon Hickson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,257.52 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,257.52 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 16.

        q.      At all times relevant hereto, Marcus Hines was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 12, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

18

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,478.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,478.12 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 17.

 r. At all times relevant hereto, Jazmere Holloway was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,238.65 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS informed the parent's attorneys that they refused to reimburse the parent for her attorneys' fees and costs, and $7,238.65 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 18.

 s. At all times relevant hereto, Josef Holloway was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $7,911.22 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $7,911.22 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 19.

   t.  At all times relevant hereto, Jasmine Hoover was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $17,970.45 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$17,970.45 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 20.

   u.  At all times relevant hereto, Robert Horton was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 8,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,033.54 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,033.54

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 21.

      v.     At all times relevant hereto, Curt Johnson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $6,430.81 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,430.81

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 22.

      w.     At all times relevant hereto, Marvin Johnson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

31, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,932.14 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,932.14

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 23.

      x.     At all times relevant hereto, Shelly Johnson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,181.33 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $10,181.33 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 24.

      y.     At all times relevant hereto, Kwan Kearney was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,019.85 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,019.85 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 25.

z.    At all times relevant hereto, Jenay Kelson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,248.32 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $12,248.32 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 26.

aa.    At all times relevant hereto, Charon Lee was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 19, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,190.37 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,190.37 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 27.

bb.    At all times relevant hereto, Shaquita Lilly was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2,

23

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,592.32 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,592.32 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 28.

cc.    At all times relevant hereto, Lorenzo Lowery was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,834.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,834.12 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 29.

dd.    At all times relevant hereto, Amin Marrow was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

24

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $24,864.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs, and $24,864.56 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 30.

ee.    At all times relevant hereto, David McDowell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 12, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,144.79 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,144.79 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 31.

ff.    At all times relevant hereto, Donneisha Partridge was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,509.60 in accordance with the DCPS'

25

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$11,509.60 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 32.

gg.    At all times relevant hereto, James Partridge was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about August

31, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $9,093.31 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,093.31

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 33.

hh.    At all times relevant hereto, Anthony Robinson was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

April 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $8,118.05 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,118.05

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 34.

ii.      At all times relevant hereto, Davon Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,920.38 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $11,920.38 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 35.

jj.      At all times relevant hereto, Terrell Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about September 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,847.23 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $3,847.23 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 36.

27

kk.    At all times relevant hereto, Sidney Rogers was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 30, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,592.99 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,592.99 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 37.

ll.    At all times relevant hereto, Jacob Rucker was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,588.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,588.73 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 38.

mm.    At all times relevant hereto, Darnell Savoy was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

28

15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,100.19 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,100.19

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 39.

       nn.    At all times relevant hereto, Shona Sellers was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

31, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $13,238.61 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$13,238.61 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 40.

       oo.    At all times relevant hereto, Jabari Smith was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 9,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,466.72 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,466.72 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 41.

pp.    At all times relevant hereto, Monice Smith was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,773.61 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,773.61 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 42.

qq.    At all times relevant hereto, Michael Tate was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 31, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,392.43 in accordance with the DCPS'

30

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,392.43

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 43.

      rr.     At all times relevant hereto, Dionte Taylor was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 2,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $14,848.35 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$14,848.35 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 44.

      ss.     At all times relevant hereto, Vincent Washington was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $12,069.31 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

31

$12,069.31 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 45.

tt.     At all times relevant hereto, Alicia Wheeler was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On.or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,395.80 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,395.80 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 46.

uu.     At all times relevant hereto, Trevyon White was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,483.42 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $3,483.42 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 47.

32

vv.     At all times relevant hereto, Kenneth Williams was a student in the
District of Columbia Public Schools' ("DCPS") Special Education Program. On or about
August 4, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the
prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a
certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of
attorneys' fees and costs in the amount of $4,974.33 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant
DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,974.33
is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's
Determination ("HOD") are attached hereto as EXHIBIT 48.

ww.     At all times relevant hereto, Tayvon Williams was a student in the
District of Columbia Public Schools' ("DCPS") Special Education Program. On or about
September 9, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was
the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a
certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of
attorneys' fees and costs in the amount of $4,513.24 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant
DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,513.24
is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's
Determination ("HOD") are attached hereto as EXHIBIT 49.

xx.     At all times relevant hereto, Steven Wingfield was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about

33

September 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $9,506.57 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $9,506.57 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 50.

    5.    The District of Columbia is a municipal corporation that receives federal

financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and

this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866

(D.D.C. 1972).

    6.    Clifford Janey is the Superintendent of the District of Columbia Public

School System ("DCPS") and the Chief State Officer, and, as such, is responsible for

ensuring that all disabled children in the District of Columbia receive a free appropriate

public education ("FAPE") and that their rights to equal protection and due process of

law are protected.  Plaintiffs are suing Clifford Janey in his official capacity.

### FACTUAL ALLEGATIONS

    7.    Plaintiffs are all "prevailing parties" as defined in Buckhannon Board and

Care Home, Inc., v. West Virginia Department of Health and Human Resources, 532 U.S.

598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001), and are entitled to recover reimbursement

and reasonable attorneys' fees.

34

8.      On or about September 23, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

9.      That according to Defendants' Guidelines for the Payment of Attorney Fees in IDEA Matters, invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

10.     That more than 90 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants. Therefore, Plaintiff's invoices are considered denied by Defendants.

11.     That under the Guidelines established by the Defendants, Plaintiff's claims for reimbursement are considered denied by Defendants.

12.     That Defendants have refused and/or failed to pay Plaintiffs' Attorney Fee Applications without just reason or cause.

13.     That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEA and this Court.

14.     That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

15.     That the Plaintiffs herein are "prevailing parties" as this term is defined in Buckhannon.

35

16.    That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

17.    That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. See, e.g., *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

18.    That the current billing rates for the attorneys, as evidenced by the invoices attached as EXHIBITS hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

19.    That the Plaintiffs had settled expectations that if they prevailed they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

20.    That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

21.    That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

22.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $434,402.92.

2.    Award each Plaintiff pre-judgment interest on each award.

3.    Award to Plaintiffs reasonable attorneys' fees and costs incurred in

prosecuting the instant lawsuit.

4.    Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs

37