IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHAMISA ARMSTEAD, for** <br> D.A., a minor, <u>et al.</u>, | : <br> : <br> : | |
| Plaintiffs | : <br> : | Civil Action No. 06-276(RBW) |
| v. | : <br> : | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** | : <br> : | |
| Defendants | : <br> : <br> : | |

## MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' OPPOSITION OF THE DEFENDANT'S MOTION TO FOR PARTIAL DISMISSAL

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald and James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion for Partial Dismissal, represent unto this Honorable Court as follows:

### INTRODUCTION

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq.  Plaintiffs are seeking reimbursement of reasonable attorneys' fees in the fifty (50) cases where the Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415.  In October 2005, the Plaintiffs submitted invoices to the Defendant in fifty (50) cases seeking reimbursement for reasonable attorneys' fees in accordance with IDEIA.  The fifty (50) invoices were submitted in conformity with the November 2004 DCPS Attorney Fee Guidelines.

According to those guidelines, attorneys must submit their invoices for payments within forty-five (45) days of receipt of the issuance of a Hearing Officer's Determination or the execution of a settlement agreement. That the Defendant claims that it will attempt to address all invoices within sixty (60) days and if there are no acknowledgment of submission of invoices, then an attorney must consider his/her invoices denied. To date, the Defendant has not reimbursed the Plaintiffs nor has the Defendant provided a reasonable explanation or bases for its failure to act upon the Fee Applications of the Plaintiff consonant with the guidelines it established. Given the failure of the Defendant to reimburse the attorneys fees and absent any explanation, Plaintiffs could reasonably infer that the Defendant had denied their Fee Application.

In its' Motion for Partial Dismissal, the Defendant asserts that the Plaintiffs failed to state a claim under 42 U.S.C. § 1983, and the Plaintiffs failed to state a claim under the Rehabilitation Act. For the reasons that follow, the Plaintiffs respectfully request that this Honorable Court deny the Defendant's motion.

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

## B. PLAINTIFFS HAVE ESTABLISHED A SECTION 1983 CLAIM.

Section 1983 is applicable in this instant matter because each Plaintiff is enforcing his or her right to reimbursement of reasonable attorneys' fees pursuant to 20 U.S.C. 1415 (i)(B )(3), their right to reasonable attorneys fees pursuant to the IDEA, and are further seeking relief from an ongoing and systemic civil rights violation. The Defendant correctly asserts the burden a Plaintiff must establish in asserting a section 1983 claim. Thus to state a claim under §1983, Plaintiff must satisfy the following elements: 1) that the Plaintiff establish that the Defendant violated one or more specific provisions of the IDEA; 2) that exceptional circumstances exist such that conduct of DCPS that caused the violations was persistently egregious and prevented and frustrated Plaintiffs from securing equitable relief under the IDEA; 3) that the Defendant has a custom or practice that is the moving force behind the violations; 4) that the normal remedies offered under the IDEA [omit] are inadequate to compensate for the harm suffered. See *Walker v. District of Columbia*, 969 F.Supp. 794 (D.D.C. 1997).

In the instant matter, the Plaintiff can adequately satisfy the four prong test established under *Walker* to support their claim that the Defendant has committed a §1983 violation of the IDEA. With respect to the first prong of the test set forth in *Walker, supra.*, the Defendant has violated two provisions of the IDEIA. Specifically, the Defendant (1) has failed to reimburse the Plaintiffs reasonable attorneys' fees although they were the prevailing parties at an administrative due process hearing, thereby violating 28 U.S.C. 1415 (i)(3)(b), and (2) the ability of parents to retain competent and knowledgeable counsel to represent them and their minor children in administrative due process hearings.

All fifty (50) Plaintiffs satisfy the second prong of the *Walker* standard as well. Specifically,

the Defendant's conduct continues to interfere with and to frustrate the ability of parents, such as these Plaintiffs, to obtain competent counsel and to sustain that attorney-client relationship which so vital to obtaining and maintaining special education services and benefits in the District of Columbia. 20 U.S.C §1415(h) provides the mechanism for parents to obtain the services of competent counsel to represent their interest and the interest of their children with respect to IDEIA claims for special education services and benefits. Therefore, it stands to reason that in order to effectuate the purposes of that statute, i.e., to obtain the services of competent legal counsel, Plaintiffs "settled expectation" of timely reimbursement of reasonable counsel fees must surely become a reality rather than the protracted and prolonged fiction that it is currently. 42 U.S.C. §1983 is the only means by which the Plaintiffs are able to vindicate rights that are guaranteed them under the IDEA. See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002). The IDEIA, unfortunately, is devoid of any provision that allows parents, such as the Plaintiffs, to pursue enforcement of or to redress any violation committed by the Defendant within the four corners of the IDEIA itself.

      The plaintiffs satisfy the third prong, "custom and practice" of *Walker*, because the Defendant's custom and practice of refusing or denying to reimburse the counsel of parents of children with special needs is well documented. See *Calloway v. District of Columbia*, 216 F.3d. 1, at 4 (D.C. Cir. 2000) (the Court noted the DCPS' hostility towards paying the legal fees of parent's counsel); see also *Johnson v. District of Columbia,* 190 F.Supp.2d 34 (D.C. Cir 2003) (the Court reasoned that the Defendant's offer of settlement conditioned on the parent's agreeing to waive attorney's fees, violated 42 U.S.C. § 1983). Here the Defendant's failure to pay within a reasonable time, and the Defendant's failure to remit payment within the time frame they committed themselves

to according to the DCPS Attorney Fee Guidelines, and the Defendant's lack of response is proof of an ongoing systemic, custom and practice of refusing or denying reimbursement of the plaintiffs' reasonable attorneys' fees, thereby infringing on their right to counsel. Indeed, this current tactic being employed by the Defendant is nothing new. See *Agapito et al., v. District of Columbia,* Civil Action No., 05-1935; *Bowman et al., v. District of Columbia*, Civil Action No. 05-1933; *Saravia et al., v. District of Columbia*, Civil Action No. 06-0275; *Ankrom, et al., v. District of Columbia*, Civil Action No. 06-0274; *Moore et al., v. District of Columbia*, Civil Action No. 06-00576; *Santamaria et al., v. District of Columbia*, Civil Action No. 06-00577; and *Brown et al., v. District of Columbia*, Civil Action No. 06-00823. In all DCPS has failed to reimburse parents, including these plaintiffs in three hundred and forty-four (344) cases currently pending before this Court. Indeed, these some of these cases date back to April of 2005. The aforementioned cases are well documented instances of the Defendant's continuous interference with a parent's right to counsel by either refusing or failing to reimburse a parent for their reasonable attorney's fees.

For instance, as noted above, this case involves fifty (50) individual Plaintiffs for which Fee Applications were timely filed under the procedures established by the Defendant. There are other similar cases, involving multiple Plaintiffs, where DCPS has failed and or refused to remit timely reimbursement of reasonable attorneys fees that are currently pending in this court. See *Calloway v. District of Columbia*, 216 F.3d. 1, at 4 (D.C. Cir. 2000), (where the court discussed the "settled expectations" of Plaintiffs to receive reimbursement of reasonable attorney's fees when they prevail in administrative proceedings against the District of Columbia); see also *Johnson v. District of Columbia,* 190 F. Supp.2d 34 (D.C. Cir 2003) (the Court reasoned that the Defendant's offer of settlement conditioned on the parent's agreeing to waive attorney's fees, unfairly impinged upon the

relationship between the parent and counsel and thereby constituted a civil rights violation under §1983). Indeed, these Fee Applications date back to April of 2005. The aforementioned cases, in which DCPS has failed to reimburse attorneys as it is legally required to do, serve as well documented examples of a "custom and practice" (crafted in nefarious gamesmanship and bad faith) in which the Defendant engages that has resulted in a systemic and continuous interference with a parent's right to counsel as well as a parent's ability to maintain a vital attorney-client relationship.

Plaintiffs satisfy the last prong of *Walker* because the IDEIA itself does not provide an adequate enforcement remedy when the Defendant continuously fails to reimburse the parent, a prevailing party, for his or her reasonable attorney's fees and interferes with the parent's right to maintain the attorney-client relationship. Thus, 42 U.S.C. § 1983 is the only remedy available to parents to address the violations of the IDEIA visited upon them by the Defendant.

Albeit the complaint could have been more artfully drafted, the sufficiency of the allegations is still such as to give rise to Plaintiffs § 1983 claims under the rules. Since the allegations in the complaint, set forth a *prima facie* case for a § 1983 claim, this Court must deny the request to dismiss this claim. The factual allegations as presented in the Complaint sufficiently describes not just one instance where the Defendant failed to reimburse Plaintiffs attorneys fees, but rather fifty (50) instances, not to mention the concomitant effect it has on sustaining a viable attorney-client relationship so vital to a parent of a child with special education challenges in the District of Columbia. It is patently unfair for the children of the most victimized members of the District of Columbia, the underprivileged and the uneducated, who have had to endure the hardships and the challenges of going through the special education process within the labyrinth of the District of Columbia, only to endure the hostility associated with obtaining the special education services and

benefits provided by the IDEIA. The impetus of the actions of the Defendant is to erode the parent's ability to seek out and retain competent counsel.

In conclusion, the failure of the Defendant to reimburse the Plaintiffs reasonable attorneys' fees is deliberate and calculated to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel. In each case, the Defendant has failed to provide an explanation why it did not reimburse the plaintiffs for their reasonable attorney's fees. The conduct displayed by the Defendant clearly and unequivocally demonstrates an egregious and vindictive nature which can not be tolerated at the expense of children who are being deprived of special education needs. Thus, the plaintiffs are able to state a §1983 claim.

## **CONCLUSION**

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to deny the Defendant's Motion to Dismiss and make a finding that it has subject matter jurisdiction to adjudicate the claims under the IDEIA. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii). Alternatively, the Plaintiffs' respectfully request leave to amend their complaint in the event this Court grants this Defendant's Motion in whole or in part.

                                                                Respectfully Submitted,

                                                                   /s/
                                              Tilman L. Gerald [928796]
                                              Roxanne D. Neloms [478157]
                                              James E. Brown & Associates, PLLC
                                              1220 L Street, N.W., Suite 700
                                              Washington, D.C. 20005
                                              (202)742-2000
                                              *Attorneys for Plaintiffs*