UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAMISA ARMSTEAD**, for D.A., a minor, et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civ. No. 06-0276 (RBW) |
| **DISTRICT OF COLUMBIA**, et al., | : <br> : |
| Defendants. | : <br> : |

## DEFENDANTS' REPLY TO PLAINTIFFS OPPOSITION TO MOTION TO DISMISS

Defendants, by counsel, reply herewith to the "Amended Memorandum of Points and Authorities Submitted in Support of the Plaintiffs' Opposition of the Defendant's [sic] Motion to for [sic] Partial Dismissal," filed herein June 22, 2006 ("Opposition").

### PRELIMINARY STATEMENT

In their June 6, 2006, motion herein, Defendants argued (1) that Plaintiffs had failed to state a proper claim under 42 U.S.C. §1983. Motion, pp. 3-4; (2) that Plaintiffs had failed to state a proper claim under Section 504 of the Rehabilitation Act., Motion pp. 4-6.

As a preliminary matter, Plaintiffs are silent on the propriety of the complaint under Section 504 of the Rehabilitation Act. To that extent, Defendant's arguments in that regard (Motion, pp. 3-5) are unchallenged, and conceded. For the reasons set forth below, the remainder of Plaintiffs' responses to Defendants' arguments are without merit.

I.     **Plaintiffs Have Failed to Demonstrate a Viable Claim under 42 U.S.C. §1983.**

   A.  **First prong—IDEA violation**

Plaintiffs assert that they satisfy the first prong of the four-prong test set out in Walker v. District of Columbia, 969 F.Supp. 794 (D.D.C. 1997), to prove a section 1983 violation in an IDEA case, because Defendants have failed to reimburse Plaintiffs' reasonable attorneys' fees—a violation of 28 U.S.C. 1415(i)(3)(b) [sic].[1]  However, Plaintiffs' reliance on that IDEA provision begs the question.

20 U.S.C. §1415(i)(3)(B)(i) is a provision that allows a judge to award attorney's fees to a prevailing party at his discretion.  In this action, there has been no finding that all of the 54 named Plaintiffs are prevailing parties.  Moreover, there has been no judicial award of attorney's fees.  In order to violate this provision of IDEA, a judge must first find that Plaintiffs are prevailing parties and award attorney's fees, and ***Defendants must fail to pay those fees as ordered by the Court.***  Since neither of those events has occurred in this action, Plaintiffs have not satisfied the first prong of Walker—a violation of a provision of IDEA.  Plaintiffs' 1983 claim must fail on that basis alone.

Moreover, the "right to reasonable attorney's fees" under IDEA is not an absolute right to fees.  The statute conferring this "right" is couched in precatory terms, providing that a court, in its discretion, may award reasonable attorneys fees.  *20 U.S.C. §1415(i)(3)(B)*.  The Supreme Court has held that when determining whether a particular

---

[1] Defendants assume Plaintiffs are referring to 20 U.S.C. §1415(i)(3)(B)(i) which states:
In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
(1) to a prevailing party who is the parent of a child with a disability.

statutory provision gives right to a right enforceable under Section 1983 "the statute must [inter alia] unambiguously impose a binding obligation…In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." Blessing v. Firesone, 520 U.S. 329, 340 (1997). Thus, the "right to reasonable attorneys' fees" under the IDEA is not a right enforceable through Section 1983. See also Kaseman v. District of Columbia, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), *rev'd on other grounds,* Kaseman v. District of Columbia, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms." "It cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings.")

B. **Second prong—egregious conduct**

Plaintiffs assert that they satisfy the second prong of the Walker case—that Defendants' conduct was egregious and prevented and frustrated Plaintiffs from securing equitable relief—because, they claim, Defendants' untimely reimbursement of attorney's fees is interfering with the ability of plaintiffs to obtain competent counsel. Plaintiffs rely on Johnson v. District of Columbia, 190 F.Supp.2d. 34 (D.D.C. 2002) in support of this assertion. However, Johnson is inapplicable in this case.

In Johnson, the plaintiffs' settlement offers were predicated upon a waiver of attorney's fees. That is not the case herein. In the instant case, payment of attorney's fees may be delayed because of the sheer volume of invoices submitted to DCPS. Indeed, within the past four months Plaintiffs' counsel, James Brown and Associates, have filed seven actions with the Court to recover attorney's fees because they were not paid within 90 days: (1) Ankrom, et al., v. District of Columbia, 06-274, filed February

3

14, 2006, 51 plaintiffs (2) <u>Gonzalez, et al., v. District of Columbia</u>, 06-278, filed February 14, 2006, 10 plaintiffs; (3) <u>Armstead, et al., v. District of Columbia</u>, 06-276, filed February 14, 2006, 50 plaintiffs; (4) <u>Briscoe, et al., v. District of Columbia</u>, 06-323, filed February 23, 2006, 22 plaintiffs; (5) <u>Moore, et al., v. District of Columbia</u>, 06-576, filed March 29, 2006, 44 plaintiffs; (6) <u>Santamaria, et al., v. District of Columbia</u>, 06-577, filed March 29, 2006, 22 plaintiffs; and (7) <u>Brown, et al., v. District of Columbia</u>, 06-823, filed May 14, 2006, 33 plaintiffs.  That totals 232 invoices/plaintiffs from one firm alone.  Each invoice and HOD accompanying the must be carefully reviewed to determine *inter alia* whether the plaintiff is a prevailing party, and whether there is double billing; i.e. submitting the same invoice for the same plaintiff in more than one case.

Moreover, summary assertions that  DCPS' failure to reimburse Plaintiffs reasonable attorneys' fees "continues to interfere with and to frustrate the ability of parents…to obtain competent counsel and to sustain that attorney-client relationship" are pure pleading hyperbole, not fact, and not alleged in the complaint.  In fact, these counsel have been regularly reimbursed fees by DCPS for many years; indeed, the firm would not exist but for the continuous flow of money from IDEA representation.  That the specific fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

### C.  **Third prong—custom or practice**

Plaintiffs assert that they satisfy the third prong of the <u>Walker</u> case—Defendants have a custom or practice that is the moving force behind the violations—because, they

claim, DCPS has a "custom and practice of refusing or denying to reimburse the counsel of parents of children with special needs." *Opposition, p. 5*. This assertion is without merit.

Calloway v. District of Columbia, 216 F.3d. 1 (D.C. Cir. 2000), cited by Plaintiffs, is hardly the "document[ation]" of "DCPS' hostility to the legal fees paid to attorneys who successfully bring IDEA actions against DCPS" that Plaintiffs claim. *Opposition, p. 5*. Calloway involved the application of a Congressional attorneys' fee cap, as to the implementation of which the District has no discretion. Summary assertions that DCPS' failure to reimburse Plaintiffs reasonable attorneys' fees is a "custom and practice culminating in the continuous interference with a parent's right to counsel by either refusing or failing to reimburse a parent for reasonable attorney's fees" are pure pleading hyperbole, not fact, and not alleged in the complaint. In fact, these counsel have been regularly reimbursed fees by DCPS for many years; indeed, the firm would not exist but for the continuous flow of money from IDEA representation. That the specific fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

There is neither a DCPS custom, policy or practice of failing to pay, within the limitations of the statutory fee caps, IDEA attorneys' fees generally, or these counsel in particular. Neither the complaint, nor even the Opposition itself, meets the required particularity set forth in the cases cited in the Defendants' motion.

### D. **Fourth Prong—inadequate remedies available**

Regarding the fourth prong of the Walker case—that normal remedies offered under IDEA are inadequate to compensate for the harm suffered—Plaintiffs have not presented an legal argument that the normal remedies are in adequate as a basis for asserting a Section 1983 claim.

## **CONCLUSION**

Plaintiffs have not addressed Defendants' contention that there is no viable action under the Section 504 of the Rehabilitation Act; therefore, that argument must be conceded.  The complaint failed to contain allegations necessary to sustain a viable claim under 42 U.S.C. §1983.  Accordingly, for the reasons set forth above, and in the Defendants' earlier Motion, the identified elements of the complaint herein should be dismissed.

                              Respectfully submitted,

                              ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520

June 29, 2006                       carol.burroughs@dc.gov