UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMISA ARMSTEAD, for D.A., a minor, et al., : : : Plaintiffs, : : v. : : DISTRICT OF COLUMBIA, et al., : : Defendants. : : | Civil Action. No. 06-0276 (RBW) |

## DEFENDANTS' FURTHER MOTION TO DISMISS

The Defendants, by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiffs' Complaint as to Plaintiffs C.L., J.H., M.S., T.B. and J.P. Plaintiffs' action is a claim for attorneys' fees and costs pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA"). Plaintiffs' claims fail under the IDEIA because they cannot show they are prevailing parties entitled to attorneys' fees.[1]

The reasons for the motion are set forth in the accompanying memorandum of points and authorities, and an appropriate proposed order is also submitted.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

---

[1] Defendants filed an initial motion to dismiss on June 6, 2006, challenging Plaintiffs' 42 U.S.C. § 1983 and their § 504 Rehabilitation Act claims. Until now, Defendants withheld filing challenges to the prevailing party status of the fifty individual Plaintiffs under the IDEIA because Plaintiffs and Defendants were pursuing settlement negotiations. To date, forty-one of the original fifty claims have either been dismissed or withdrawn. Thus, there are nine remaining Plaintiffs. Only the claims of five Plaintiffs, C.L., J.H., M.S., T.B. and J.P. are being challenged here.

1

2

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

***/s/ Edward P. Taptich*** 
EDWARD P. TAPTICH [#012914] 
Chief, Equity Section II

***/s/ Amy Caspari*** 
Amy Caspari [#488968] 
Assistant Attorney General 
441 Fourth Street, N.W. 
Sixth Floor South 
Washington, D.C. 20001 
(202) 724-7794 

December 27, 2006                     email:  amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMISA ARMSTEAD, for D.A., a minor, et al., :<br><br>Plaintiffs, :<br><br>v. : Civil Action. No. 06-0276 (RBW)<br><br>DISTRICT OF COLUMBIA, et al., :<br><br>Defendants. : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' FURTHER MOTION TO DISMISS

### PRELIMINARY STATEMENT

On February 14, 2006, fifty named plaintiffs filed the captioned Complaint for reimbursement of attorneys' fees and costs, claiming that they were "prevailing parties" in administrative proceedings held pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"). By Praecipe filed September 15, 2006, forty-one of the initial claims were withdrawn or voluntarily dismissed. Accordingly, T.B, M.H., J.H., K.K., J.K., C.L., J.P., M.S., and S.W. are the remaining nine Plaintiffs. Only the claims of five Plaintiffs, C.L., J.H., M.S., T.B. and J.P., are being challenged here because these plaintiffs are not prevailing parties under IDEIA, and this Court should dismiss these claims for failure to state a claim upon which relief may be granted.

1

**ARGUMENT**

I. **Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief.  *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should not be dismissed pursuant to Fed. R. Civ. P. 12 "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief").  On a motion to dismiss, the plaintiff bears the burden of establishing that the court has jurisdiction.  *See* District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs.  *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because Plaintiffs have attached exhibits to their complaint, the Court may consider those materials in ruling on a Rule 12(b)(6) motion.  *See* Messerschmidt v. United States, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)( motion to dismiss was not converted to motion for summary judgment when attached thereto were prior court opinions relating to the allegations in the complaint and which were matters of public record.) *See also* Abbey v. Modern Africa One, LLC, 2004 U.S. Dist. LEXIS 2392, *605 (D.D.C. 2004), "In a motion to dismiss, the Court may consider facts alleged in the

2

pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the Court may take judicial notice", *citing* Baker v. Henderson, 150 F. Supp. 2d 17, 19 (D.D.C. 2001)).

## II. Dismissal of the Claims of C.L., M.S., T.B. and J.P. Under the IDEIA is Required.

The IDEIA was enacted to ensure that all children with disabilities have available to them a free appropriate public education ("FAPE"). 20 U.S.C. §1400(d)(1)(A). If a parent has a complaint concerning the failure to provide a FAPE to his/her child, the parent is entitled to an administrative due process hearing pursuant to 20 U.S.C. §1415(f). If a parent prevails at administrative hearing, IDEIA also provides that, "[in] any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B) (emphasis added).

In this jurisdiction, it is well settled that, to be a prevailing party entitled to attorneys' fees under IDEIA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial action. Alegria v. District of Columbia, U.S. Dist. LEXIS 16898 (D.D.C. 2002), aff'd, 391 F. 3d 262, 265 (D.C. Cir. 2004), citing Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001).

### A. Since the hearing officer's decision states that C.L. is not a prevailing party, claims for attorneys' fees as to C.L. should automatically be dismissed.

As to C.L., the Complaint (Exhibit 27, HOD p. 5, para. 2), shows that as a result of an administrative due process hearing, the hearing officer issued an interim hearing

3

order stating "petitioner is not the prevailing party in this proceeding." In Lopez v. DC, Civ. No. 03-1665 (D.D.C., January 26, 2005), slip op at 1-2, the court explained that "in order to successfully bring a claim for attorneys' fees under the IDEIA, the Plaintiffs must first meet the requirements of this statute." Clearly, the hearing officer determined that no case was made on behalf of C.L. at the administrative hearing because she was determined *not* to be a prevailing party and, thus, her claims for attorneys' fees here should fail.

    **B.**    **M.S. did not obtain relief on the merits of her claim and thus, she is not a prevailing party entitled to attorneys' fees.**

M.S. requested an administrative hearing, alleging that one thousand eight hundred and twenty two (1,822) hours of compensatory education was due and owing from DCPS. Complaint, Exhibit 42, HOD p. 2. M.S. was not a prevailing party at the administrative hearing on August 15, 2005, because the hearing officer decision clearly stated that the issue before the hearing officer was whether DCPS denied M.S. FAPE by failing to provide adequate compensatory education, and ultimately determined that since the parties could not resolve this issue at hearing, "adjudication of the compensatory education issue is hereby continued to a date to be set by the DCPS Student Hearing Office." Complaint, Exhibit 42, HOD, p. 4. Thus, the most important issue upon which plaintiff sought a favorable ruling in her administrative hearing complaint was deferred until a later date.

In J.K.v. Fayette County Bd. of Educ., 2006 U.S. Dist. LEXIS 56792, *10-11 (D. Ky. 2006), the court in denying attorney fees, held that the student had not prevailed on any significant issue in litigation. Further, the order on which that holding was based did

not bring about a material alteration of the parties' legal relationship --a *quid pro quo* for prevailing party status --when it in fact it ordered some relief.

> Although this court directed the LEA to conduct an [MDT] meeting as soon as practicable and develop a proper IEP for J.K, it does not follow that these requirements created any change in the parties' legal positions. As the LEA correctly points out, this affirmation of the LHO's opinion did not direct the LEA to take any affirmative action that it had not already taken or planned to take in the future. Indeed, the ruling did not even create any obligations on the part of the LEA that were not already demanded of it. Pursuant to federal law, an LEA is required to establish an IEP for a disabled child and update, develop, and adjust the IEP as needed. See 34 C.F.R. §§ 300.340-300.347. An order requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship.

Id. at *11.

Since the parties here could not reach an agreement as to the hours of compensatory education due and owing, and because the parties did not present enough evidence so that the hearing officer could make a final decision on this issue, there was no final decision on the merits of the primary claim of M.S. Thus, M.S. is not a prevailing party entitled to attorneys' fees.

> C. **Where there was no finding of a denial of FAPE as to T.B. and J.P., and no relief granted on the merits of the Plaintiffs' claims, those Plaintiffs were not "prevailing parties" entitled to attorneys' fees under the IDEIA.**

In the matters of T.B. and J.P., both hearing officers found that the Plaintiffs' allegations of IDEIA violations did not rise to denials of FAPE under the IDEIA. Therefore, these Plaintiffs are not prevailing parties entitled to attorneys' fees.

The central entitlement under the IDEIA is the right to FAPE. FAPE is the fundamental touchstone for all of the specific rights conveyed by the statute. E.g., Park v. Anaheim Union High Sch. Dist., 2006 U.S. App. LEXIS 24638, *25 (9th Cir. 2006)

5

("At the heart of the Act are the requirements that all disabled children receive a free appropriate public education"). Where a FAPE is denied, the statute provides Plaintiffs the right to seek relief. 20 U.S.C. § 1415(f) – (i). If a denial of FAPE is found to have occurred, parents and children are entitled to "such relief as the court determines is appropriate," 20 U.S.C. § 1415(i)(2)(B)(iii). And where such a finding is made, the plaintiffs are plainly "prevailing parties" entitled to reasonable attorneys' fees under IDEIA.

The contrary is also clear: where a hearing officer does *not* find that a student has been denied a FAPE, or affirmatively finds that a student has *not* been denied a FAPE, the student/parent/plaintiff cannot be found to be a prevailing party. That is just the circumstance with respect to the claims of T.B. and J.P.

With respect to T.B., the hearing officer found that the record showed *no* denial of FAPE by DCPS. However, in light of a problem with the parent having an incomplete copy of the IEP the hearing officer ordered an MDT/IEP meeting "to ensure that the IEP that the mother has is the same as that being implemented. . ." Complaint, Exhibit 2, HOD p. 5, para. 4. With respect to J.P., the hearing officer stated that the failure of DCPS to complete a vocational evaluation was only a "technical violation of the IDEIA" and that insufficient evidence was presented to show that this constituted a denial of FAPE. Complaint, Exhibit 33, HOD p. 6, para 5. (The hearing officer also deferred ruling on another issue in this matter because of the "no finding of a denial of FAPE.") Id. para. 8.

In Simmons v. District of Columbia, 355 F. Supp. 2d 12 (D.D.C. 2004), Plaintiff's motion for summary judgment was denied on several grounds, as to Plaintiff's second ground, the court agreed with the hearing officer's decision that Plaintiff was unable to show substantial harm resulted from technical IDEIA violations that may have occurred and thus, no denials of FAPE were found. Id. at 18. "Claims of procedural violations of IDEA do not, in themselves, inexorably lead a court to find a child was denied FAPE." Simmons v. District of Columbia, 355 F. Supp. 2d 12, 18 (D.D.C. 2004) citing Schoenbach v. District of Columbia, 309 F. Supp. 2d 71, 78 (D.D.C. 2004). Therefore, where the hearing officer's decision clearly states that there was no denial of FAPE, the parties are not prevailing parties entitled to attorneys' fees. Since there was no finding of a denial of FAPE as to T.B. and J.P., their claims for attorneys' fees should be dismissed.

### III.     Plaintiff J.H.'s claims should be dismissed because her counsel is seeking attorneys' fees for the same matter in a subsequent action in this Court.

On September 19, 2005, an *interim* hearing officer's decision was issued in the matter regarding J.H. Plaintiff's counsel alleges that $17, 970.45 is due and owing for two months of service in connection with that hearing. In Abarca v. District of Columbia, Civ. No. 06 -1254 (D.D.C., filed July 12, 2006), however, Plaintiff's counsel is claiming an additional $8, 001.45 for subsequent activities in the same administrative proceeding-- for six months of services following the *interim* decision, up to and including the *final* hearing officer's decision. Exhibit A and B, attached.[2]

---

[2] Attached Exhibit A contains "Complaint, Exhibit 20" in this matter; attached Exhibit B contains "Complaint, Exhibit 28" in Abarca v. District of Columbia, supra.

7

Originally, in her administrative due process hearing complaint, Plaintiff was seeking a private placement for denial of a free appropriate public education ("FAPE") by DCPS. Complaint, Exhibit 20, HOD. In the *interim* hearing officer's decision dated September 18, 2005, the hearing officer ordered an MDT/IEP meeting to determine the appropriate placement for J.H. When the parties returned for further hearings, they reached a settlement agreement on the record as to J.H.'s placement and the hearing officer incorporated the settlement agreement into the final order dated February 14, 2005. Id. No findings or evidence were presented as to any new issues at the second hearing. The agreement reached specifically addressed the matter of placement—the same issue that was before the hearing officer in the September 19, 2005, *interim* order.

The interim and final order concerning J.H. were plainly parts of the same administrative proceeding and fee claims relating to that proceeding should not, in the interest of judicial efficiency, be permitted to be presented piecemeal in two separate suits in this Court. Moreover, under the District of Columbia Appropriations Act of 2006, a single fee cap limitation will apply to the entirety of attorneys' fees for the entirety of that action.[3] Accordingly, the appropriateness of considering all fee claims in a single judicial review is reinforced by the requirements of the Act's limitations.

---

[3]The District of Columbia Appropriations Act of 2006, Pub. L. No. 109-115 (2006) § 122 (a) states:

None of the funds contained in this Act may be made available to pay--

(1) the fees of an attorney who represents a party in an action or an attorney who defends an action brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq.) in excess of $4,000 for that action;

(b) In this section, the term "action" includes an administrative proceeding and any ensuing or related proceedings before a court of competent jurisdiction.

To permit a unitary consideration of attorneys' fees concerning J.H.'s administrative action at issue here, J.H.'s claim here should be dismissed without prejudice to the Plaintiff's amending its Abarca claim to add this earlier portion of the administrative proceeding.

## CONCLUSION

For the reasons set forth above, the Defendants submit that the Complaint should be dismissed as to C.L., M.S., T.B. and J.P. because none of these Plaintiffs' hearing officer's determinations ordered relief on the merits of their claims and, therefore, they should not be considered prevailing parties entitled to attorneys' fees.  As to J.H., the claim here should be dismissed without prejudice to its inclusion in the Abarca suit because both claims are for a single proceeding under IDEIA.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

December 27, 2006

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          :
**CHAMISA ARMSTEAD, for**                :
**D.A., a minor, et al.,**                         :
                                                          :
       **Plaintiffs,**                           :
                                                          :
       **v.**                                            :   **Civil Action. No. 06-0276 (RBW)**
                                                          :
**DISTRICT OF COLUMBIA, et al.,**        :
                                                          :
       **Defendants.**                       :
_____:

## **ORDER**

Upon consideration of Defendants' Further Motion to Dismiss, any responses thereto, and the record herein, it is, this_____ day of _____, 2006,

**ORDERED,** that Defendant's motion is GRANTED, it is

**FURTHER ORDERED**, that the claims of C.L., M.S., T.B. and J.P. are dismissed with prejudice, and it is

**FURTHER ORDERED,** that the claim of J.H. is dismissed without prejudice.

                                                                                    _____
                                                                        United States District Judge