IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAMISA ARMSTEAD, for** : <br> **D.A., a minor, et al.,** : <br> : <br> Plaintiffs :     Civil Action No. 06-276(RBW) <br> : <br> v. : <br> : <br> **DISTRICT OF COLUMBIA, et al.,** : <br> : <br> Defendants : <br> : <br> _____ : | |

## PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S
## FURTHER MOTION TO DISMISS

      COMES NOW, the Plaintiffs, by and through their attorney, Tilman L. Gerald, Roxanne D. Neloms, and James E. Brown & Associates, PLLC, hereby oppose the Defendants' Further Motion to Dismiss filed herein for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Further Motion to Dismiss filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

      Respectfully submitted,

                                                  /s/
                                     Tilman L. Gerald [928796]
                                     Roxanne D. Neloms [478157]
                                     1220 L Street, N. W., Suite 700
                                     Washington, D.C. 20005
                                     202.742.2000
                                     202.742.2098 facsimile
                                     ***Attorneys for the Plaintiffs***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHAMISA ARMSTEAD, for** <br> **D.A., a minor, <u>et al.</u>,** | : <br> : <br> : | |
| Plaintiffs | : <br> : | Civil Action No. 06-276(RBW) |
| v. | : <br> : | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** | : <br> : | |
| **Defendants** | : <br> : <br> : <br> : | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S FURTHER MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald, Roxanne D. Neloms, and James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Further Motion to Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq. Plaintiffs were seeking reimbursement of reasonable attorneys' fees in the fifty (50) cases where the Plaintiff secured some or all the relief sought to establish "prevailing party" status pursuant to 20 U.S.C. 1415. On September 15, 2006, Plaintiffs withdrew forty-one (41) claims either voluntarily or because the Defendant reimbursed the Plaintiff for reasonable attorney fees. Nine plaintiffs are remaining and in the Defendants' Further Motion to Dismiss the Defendants argue that five of the Plaintiffs are not

2

"prevailing parties". To the contrary, the Plaintiffs submit that the five challenged Plaintiffs are indeed "prevailing parties" and are therefore entitled to reimbursement of reasonable attorney fees.

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Defendants have failed to demonstrate the Plaintiffs can prove no set of facts to support their claims, and accordingly this honorable Court must deny the Defendant's Further Motion to Dismiss. It is noteworthy to mention that the Defendants apparently are not disputing the reimbursement of reasonable attorneys fees for the remaining four Plaintiffs.

### B. THE REMAINING FIVE PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

The Defendants argue that five of the named Plaintiffs should be dismissed because they were not prevailing parties in their respective administrative cases. The Defendants purposely, or at the very least, erroneously set forth the criteria that must be satisfied in order for a litigant to become a prevailing party under the IDEIA. For instance, the Defendants argue that all the Plaintiffs, *with the exception of J.H. were not prevailing parties because the hearing officer did not make a finding of a denial of FAPE*, and thus were not entitled to reimbursement of reasonable attorneys fees. In J.H., the Defendants erroneously argue that the Plaintiff is seeking attorneys' fees for a second hearing which was a continuation of the first.

There is considerable case law that defines the standards of a "prevailing party". In this

jurisdiction, prevailing parties are defined by the Court in *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees, and all Plaintiffs, who are the subject of this motion all qualify as prevailing parties. Accordingly, pursuant to 20 U.S.C. §1415(i)(3)[1] of the IDEIA, this Honorable Court has been vested with the authority to award reimbursement of attorneys fees as related costs to parents who prevail in administrative due process hearing. The right to reimbursement of reasonable attorney's fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowing an independent cause of action for attorneys' fees, held that the courts may award parents attorney fees upon prevailing in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990). These cases are no different.

### 1. C.L. is a prevailing party and is entitled to reimbursement for reasonable attorney fees.

In the matter of C.L., counsel for the Plaintiff filed an administrative due process complaint alleging that the Defendants denied C.L. a FAPE by failing to comply with a May 26, 2005 settlement and failed to provide C.L. with her necessary special education services. See Exhibit Exhibit #1. As relief, the parent sought, *inter alia*, placement for C.L. at the Rock Creek Academy. Id. An administrative due process hearing was held on September 19, 2005, and the hearing officer's decision was issued on September 21, 2005. See Impartial Due Process Hearing Officer's Decision attached as Exhibit #2. In that decision, the Hearing Officer ordered the Defendants to place and

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

4

fund C.L. at the Rock Creek Academy, with transportation and all related services, on an interim basis until the issuance of the Prior Notice described below. Id. He then concluded that the Plaintiff was not a prevailing party, the foundation of the Defendants' argument. However, that determination, as the case law clearly states, is of no consequence with respect to a determination of a prevailing party. Prevailing party status is generally conferred upon a party when there is a material alteration and the legal relationship of the parties which requires a party to do or undertake some action that they were not otherwise or previously obligated to do. In this matter, the Defendants were ordered to place Plaintiff at the Rock Creek Academy, provide transportation, and related services to C.L. after a contested hearing on the merits. The reliance of the Defendants on the hearing officer's finding that the petitioner is not a prevailing party is of no moment, and of particular interest is the hearing officer's failure to make a specific finding that there was no denial of FAPE which has been the lynch pin of the Defendant's argument for a denial of reimbursement of reasonable attorneys' fees. Id.

### 2. M.S.'s settlement on the record is equivalent to "judicial imprimatur", therefore entitling the Plaintiff to reimbursement of reasonable attorneys' fees.

In their motion, the Defendants assert, without more, that M.S. "requested an administrative hearing, alleging that one thousand eight hundred and twenty two (1,822) hours of compensatory education was due and owing from DCPS." The Defendants also state "the most important issue upon which the plaintiff sought a favorable ruling in her administrative hearing complaint was deferred until a later date." See Defendants' Motion to Further Dismiss. The Defendants here have not only misrepresented, but have abridged Plaintiff's due process hearing request. A fair reading of Plaintiff's hearing request will no doubt reveal that the issue of compensatory education, as

important as it may be, was not the most significant issue upon which the Plaintiff sought a favorable ruling and remedy for the inadequacies of DCPS in providing special education services to M.S.

To wit, the issues that were raised in the due process hearing request which was filed on June 3, 2005, are as follows: 1) DCPS' violation of a November 12, 2004 hearing officer's determination; 2) DCPS' failure to comply with 34 C.F.R. § 300.536(b); and 3) the student's entitlement to receive compensatory education services. After the due process hearing was held on August 15, 2005, (no testimony was taken) the hearing officer issued a hearing officer's determination wherein he stated that "the parties settled all issues raised in the hearing request except the final amount of compensatory education the student is due. The hearing officer incorporates this settlement by the parties of issues other than compensatory education in the Order below." See attached Exhibit 3. The hearing officer then proceeded to make the following a part of his order, . . .

> "1.   DCPS shall fund and the parent shall obtain independent evaluation(s) consistent with the Superintendent's cost guidelines: speech/language.
>
> 2.   DCPS shall conduct an audiological evaluation within thirty (30) calendar days of the issuance of this Order.
>
> 3.   DCPS shall, within fifteen (15) school days of the its receipt of the above listed independent evaluation, convene a multidisciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations and review and revise the student's IEP.
>
> 4.   Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
>
> 5.   DCPS will be given a day for day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representatives(s).
>
> 6.   Adjudication of the compensatory education issue is hereby continued to a date to a date to be set by the DCPS Student Hearing Office . . ." Id.

Based upon the foregoing it is readily discernable that the Defendants' version of what transpired at the due process hearing is dramatically inconsistent with the hearing officer's determination which clearly indicates on the record that the parties have resolved all other issues arising out of the plaintiff's due process hearing request. Moreover, the self-serving characterization that the Defendants make in their motion, that compensatory education was the most important issue upon which the plaintiff sought a favorable ruling, was not disposed of lacks credence, and is unsupported anywhere in the record. The Defendants' reliance upon J.K. v. Fayette County Bd. of Educ., 2006 U.S. Dist. LEXIS 56792, 10-11 (D. Ky. 2006), is misplaced as the facts of this case and the attendant ruling are strikingly dissimilar and easily distinguished.

In J.K., supra the Court ruled against the J.K. on every issue he raised before the LHO and denied every form of relief he requested. Whereas in this case, the parties entered into a settlement agreement which was made a part of the record and incorporated into the hearing officer's determination and represented a disposition of all issues save the issue regarding compensatory education which the parties themselves agreed to resolve at a later date and time. Therefore, there was a final decision on the merits of all claims except compensatory education.

In the aforementioned matter, as a result of the settlement agreement, prevailing party status was conferred upon M.S. since there was a significant change in the legal relationship of the parties. Once a hearing officer makes a finding that the terms of a settlement agreement is in the best interest of the child, and those terms are incorporated into a hearing officer's determination, the decision that decision assumes all of the characteristics of an administrative decree on the record. See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005). Therefore

M.S. is a prevailing party and thusly entitled to reimbursement of reasonable attorneys' fees proscribed under the IDEIA.

The fact that the Hearing Officer determined that the only issue remaining in the hearing request would be adjudicated on a later date has no bearing on the fact that M.S. is a "prevailing party". See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). As a result, this Court should find that the Plaintiff is entitled to reasonable attorneys' fees.

### 3. No Finding of FAPE Does Not Preclude a Party from Achieving "Prevailing Party" Status.

The Defendants argue that in the matters of T.B., and J.P., the Hearing Officer determined that a denial of FAPE had not been shown and therefore, the Plaintiffs are not prevailing parties pursuant to 20 U.S.C. 1415. This argument is erroneous as the determination of prevailing party is not any wise dependent upon a finding of a denial of FAPE. The case law, as has been herein before noted, clearly states that "prevailing party" status is determined by whether there has been a significant change in the legal relationship of the parties.

In his administrative due process request, T.B. alleged that the Defendants had not appropriately developed his IEP. Specifically, the Plaintiff alleged the IEP for T.B. was inappropriate because it failed to include present levels of performance subtest scores for reading and math; the IEP failed to provide for required speech language services; that the IEP failed to address the student's ADHD; that the IEP fails to provide educational benefits; the student's educational placement was inappropriate, and compensatory education. See Administrative Due Process Hearing Request attached as Exhibit 5.

As relief, the parent sought, among other things, a meeting to revise the IEP. The Hearing Officer ordered a meeting to review and revise T.B.'s IEP. The parent obtained the relief that she initially sought and therefore is a "prevailing party". The Hearing Officer by ordering, the Defendants to convene a MDT meeting, is an action the Defendants would not have undertaken and is to be considered a material alteration between the parties. This is a material alteration that entitles the Plaintiff to reimbursement of reasonable attorney fees.

Similarly, in the matter of J.P., the Defendant argues that the relief granted was a best "de minimis" and that the Hearing Officer's finding of no denial of FAPE precludes the Plaintiff from claiming "prevailing party status". While the general rule is that the degree of success does not bear upon a parent's right to attorney fees, courts have come to recognize that there is a threshold level of success that must be achieved to attain prevailing party status. See <u>Angela L. v. Pasadena Independent School Dist.</u>, 918 F. 2d 1188, (5th Cir. 1990)(holding that the plaintiff need only cross a minimal threshold of achieving more than a mere technical or de minimis victory). In this matter, the Plaintiff achieved more than a "de minimis" victory thereby satisfying this requirement.

In the July 9, 2005 administrative due process hearing request the Plaintiff alleged that the Defendant failed to complete a Level 3 vocational assessment on J.P. and failed to evaluate him to determine his special education needs. In the September 15, 2005 HOD, the hearing officer ordered the Defendants to complete the vocational assessment and revise J.P.'s IEP, the very relief sought by the Plaintiff was the relief ordered. Thus, "prevailing party" status is conferred upon the Plaintiff because a material alteration in the legal relationship between the Plaintiff and the Defendant occurred and the relief received was neither "de minimis nor technical " in nature. *See Select Milk Producers, Inc.*, 400 F. 3d 939 (D.C.Cir 2005); See also *Massachusetts Dept. of Public Health v.*

*School Committee of Tewsbury*, 841 F. Supp. 449 (D. Mass. 1993).

### 4. The two administrative due process hearing requests, and subsequent hearing officer determinations, filed on J.H.'s behalf are not related.

In the matter of J.H., the Defendants propose that this case be dismissed without prejudice, and leave be allowed so that this Plaintiff could be added to a party in the pending Abarca complaint. The Defendants claim that the District of Columbia Appropriations Act of 2006 is applicable to the entire action. The Defendants further assume that the final order issued in February 2006 was a continuation of the September 18, 2005 interim order. The Defendants' assertion is incorrect.

The two Hearing Officer determinations are identical only in the sense that it involved the same parties. However, a review of the respective due process hearing complaints readily indicate there were different issues and that the respective hearing officer determinations decided these different issues. The second hearing was not a continuation of the first and the proposition that the Defendants advance in that regard are faulty and unavailing.

The due process hearing request filed on behalf of J.H. on July 6, 2005, alleged the Defendants denied the student a FAPE by failing to involve the parent in the placement decision of her minor child, by failing to develop an appropriate IEP for J.H., by failing to conduct J.H.'s recommended psychological evaluation, by failing to consider/review all of J.H.'s evaluations, specifically, J.H.'s dedicated aide justification evaluation, and by failing to convene an appropriate MDT Team. See Administrative Due Process Due Process Hearing Request attached as Exhibit 7., An administrative due process hearing was held on August 8, 2005, whereby the impartial due process hearing officer issued a decision September 19, 2005, whereby inter alia, DCPS was ordered to convene an MDT/IEP Meeting no later than September 8, 2005, to update the petitioner's IEP and discuss and determine placement, as well as forward a referral packet to the Kennedy Kreiger within

thirty (30) calendar days . . . See Confidential Hearing Officer's Interim Order attached as Defendant's Exhibit A in their pending motion. Defendants' contention that because of the "interim order" Plaintiff cannot be a prevailing party is both untenable and unpersuasive. See J.O. ex rel. C.O. v. Orange Tp. Bd. Of Educ., 287 F. 3d 267 (3d. Cir. 2002)(holding that :parent who achieve favorable interim relief may be entitled to prevailing party attorneys' fees under IDEA as long as the relief granted derived from some determination on the merits . . .").

In the due process complaint that was filed on December 9, 2005, the Defendants had not complied with the order issued on September 19, 2005, and failed to have J.H. currently placed in an appropriate placement. An administrative due process hearing was held for the student on February 9, 2006, whereby the impartial due process hearing officer, on 14, 2006, issued a Hearing Officer's Memorandum of Settlement Agreement which required the Defendants to do, inter alia, " . . . convene an MDT/Placement meeting on or before February 28, 2006, and to issue a Prior Notice of Placement for the student either to the Kennedy Kreiger Institute or to the St. Coletta School of Greater Washington, D.C. . . . " See Confidential Hearing Officer's Memorandum of Settlement Agreement attached as part of Defendant's Exhibit B in their pending motion. The two complaints from the resulting due process hearings were separate and distinct and the second one did not represent a continuation of the first.

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court deny the Defendant's Further Motion to Dismiss in its entirety, and find that the Defendants' motion was frivolous and lacked merit and award Plaintiffs reasonable attorneys' fees in opposing this motion.

Respectfully Submitted,

_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***