# EXHIBIT 1

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

Sarah Lee on behalf of           )
Charon Lee, a minor              )
880 Southern Avenue, SE          )
Washington, DC 20032             )
                                 )
Attending School: Eliot Junior High School  )
Home School:     Johnson Junior High School )
                                 )
v.                               )
                                 )
District of Columbia Public Schools  )
825 North Capitol, Street, NE Sixth Floor )
Washington, DC 20002             )
                                 )

## A. BACKGROUND INFORMATION.

1. The student's name is Charon Lee (hereinafter "C.L.").

2. C.L.'s date of birth is March 23, 1990.

3. C.L.'s address is 880 Southern Avenue, SE, Apartment 203, Washington, DC 20032.

4. C.L. is enrolled at Elliot Junior High School, located in the District of Columbia.

5. C.L.'s home school is Johnson Junior High School.

6. C.L.'s biological mother is Sarah Lee (hereinafter "Parent" or "Complainant").

7. The Parent's address is 880 Southern Avenue, SE, Apartment 203, Washington, DC 20032.

## B. FACTS AND REASONS FOR THE COMPLAINT

### I. Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e).

8. The Complainant re-alleges paragraphs 1 thru 7.

9. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e), DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program.

10. During the 2003-2004 school year, C.L. attended Harris Elementary School, a District of Columbia Public School (hereinafter "DCPS").

11. C.L. was repeating the seventh grade for the second time during the 2003-2004 school year.

12. On May 24, 2004, the Parent submitted a written request to have C.L. fully evaluated for special education services.

13. At the end of the 2003-2004 school year, DCPS informed the Parent that C.L. will again be retained and must repeat the 7th grade, a third time, for the 2004-2005 school year.

14. DCPS did not complete or conduct evaluations in order to determine whether C.L. was eligible for special education services.

15. In August 2004, the Parent relocated and enrolled Charon into Johnson Junior High School.

16. On the first day of school, Johnson Junior High School placed C.L. with the 8th grade class because she was physically "too big" for her classmates.

17. While at Johnson Junior High School, Charon remained in the counselor's office because she would cry all day.

18. On September 10, 2004, the parent filed a request for due process hearing asserting a denial of a FAPE and a violation of the IDEA.

19. On or about September 29, 2004, C.L. was admitted to Riverside Hospital-Acute Unit for conflicts at home, strange somatic delusions, refusing to wear menstrual pads, and claiming to not be defecating.

20. C.L. has a history of exhibiting suicidal behavior, tying scarf around her neck, hitting head against the wall, and picking up knife with intention to harm herself.

21. On or about October 4, 2004, C.L. was discharged from Riverside Hospital-Acute Unit

22. In lieu of an administrative due process hearing, on October 12, 2005, the Parent and DCPS entered into a settlement agreement.

23. The settlement agreement provided DCPS would conduct the following evaluations: psychoeducational evaluation, speech/language evaluation, social history assessment, and clinical evaluation.

24. On or about October 18, 2005, the Parent submitted copies of the Riverside Hospital psychiatric summary, Psychiatric Discharge and psychosocial evaluation.

25. Upon discharge from Riverside Hospital, C.L. did not return to Johnson Junior High School.

26. Beginning November of 2004, DCPS provided C.L. with home instruction in which a DCPS instructor provided one (1) hour of instruction every Tuesday and Thursday.

27. An MDT/Eligibility Meeting was held for C.L. at Johnson Junior High School on or about February 23, 2005.

28. During the meeting, the MDT team reviewed a speech language evaluation, social history, psychoeducational evaluation, and clinical evaluation.

29. DCPS drafted an Individualized Educational Plan (hereinafter "IEP") which classified C.L. emotionally disturbed and recommended she receive 26 hours of related services in specialized instruction.

30. DCPS provided a notice of placement Eliot Junior High School.

31. C.L. attended Eliot Junior High School for approximately two days.

32. The Parent was informed that C.L. could no longer attend Eliot Junior High School because her needs were too severe for their program.

33. DCPS placement at Eliot Junior High School is inappropriate and cannot meet C.L.'s special education needs.

34. DCPS' failure to comply the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e) and place C.L. in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

II. **Denial of a Free and Appropriate Public Education -- Failure to Comply with the Settlement Agreement, executed on May 26, 2005.**

35. The Parent re-alleges paragraphs 1-34.

36. May 4, 2005, the Parent filed a request for due process hearing in order to assert a denial of FAPE and violation of the IDEA.

37. In lieu of an administrative due process hearing, on May 26, 2005, the Parent and DCPS entered into a settlement agreement.

38. The settlement agreement stipulated DCPS would convene a MDT/IEP meeting within twenty (20) school days to determine placement.

39. On June 27, 2005, the Parent submitted correspondence to Johnson Junior High School and the Office of Mediation and Compliance and requested DCPS reconvene the MDT/IEP meeting, pursuant to the settlement agreement. DCPS did not respond to the Parent's letter.

40. On June 30, 2005, the Parent submitted correspondence to Eliot Junior High School and the Office of Mediation and Compliance and requested DCPS reconvene the MDT/IEP meeting, pursuant to the settlement agreement. Again, DCPS did not respond to the Parent's letter.

41. To date, and to the best of the Parent's knowledge and belief, DCPS has yet to reconvene the MDT/IEP meeting.

42. DCPS' failure to comply the settlement agreement, executed on May 26, 2005 amounts to a denial of a Free and Appropriate Public Education.

### III. Denial of a Free and Appropriate Public Education – Failure to Provide the Recommended Special Education Services.

43. The Complainant re-alleges paragraphs number 1-42.

44. On February 23, 2005, DCPS found C.L. eligible for special education services.

45. To date, and to the best of the Parent's knowledge and belief, DCPS has yet to provide C.L. with the related services indicated on her IEP.

46. DCPS' failure to provide C.L. with the recommended related services amounts to a denial of a Free and Appropriate Public Education.

### C. RELIEF REQUESTED

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

4

47. A finding that DCPS denied C.L. FAPE by failing to have C.L. placed in an appropriate special education program as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e);

48. A finding that DCPS violated the express terms to the settlement agreement, executed on May 26, 2005, by failing to convene a MDT/IEP meeting within twenty (20) school days;

49. A finding that DCPS denied C.L. FAPE by provide the recommended special education services;

50. That DCPS, shall place and fund C.L. at Rock Creek Academy or the Phillips School;

51. That DCPS, within thirty (30) business days upon enrollment into one of the aforementioned programs, reconvene C.L.'s MDT/IEP Meeting, with the guardian, and the guardian's representative, and all necessary persons, at C.L.'s current school, to review all outstanding evaluations, revise and update the student's IEP as necessary, and issue a Prior Notice of Placement to one of the aforementioned programs identified in paragraph 50;

52. That DCPS shall provide C.L. transportation to her new educational placement, and provide Extended School Year Services;

53. That DCPS shall provide C.L. with one (1) year of compensatory services in the form of one-on-one tutoring;

54. That if DCPS fails to commence the tutoring within thirty (30) calendar days of the development of C.L.'s compensatory education plan, that the Parent shall have the right to get independent tutoring at DCPS' expense;

55. That DCPS agrees to pay counsel for the Parent reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

56. All meetings shall be scheduled through counsel for the guardian, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

57. That DCPS will be given a day for day extension for any delay caused by the guardian, L.W., counsel for the guardian, or the guardian's educational advocate;

58. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parent may have;

5

59. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

60. Provide counsel for the Parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

61. Send all notices to counsel for the Parent with copies of such to the Parent and in the parent's native language; and

62. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the guardian's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

63. That DCPS, in the event they fail to answer/respond to the issues alleged in the guardian's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

64. That DCPS, within fifteen (15) calendar days of receiving the guardian's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the guardian's request alleging any insufficiency of notice.

65. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the guardian's administrative due process complaint,

will constitute waiver on the part of DCPS to make such argument at any later date and time.

66. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the guardian's administrative due process complaint, shall contact the guardian's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

67. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the guardian, the guardian's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

68. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the guardian's counsel; and

69. A finding that the Parent is the prevailing party in this action.

*/s/ Christopher L. West*

Christopher L. West, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

## CERTIFCATE OF SERVICE

      I, Christopher L. West, Esq., hereby certify that the facts alleged in this complaint are true and correct. I further certify that a copy of the guardian's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

Christopher L. West, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

8