# EXHIBIT 2

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| CHARON LEE, STUDENT ) | |
| ) | |
| Date of Birth: March 23, 1990 ) | |
| ) | |
| Petitioner, ) | Hearing Date: September 19, 2005 |
| ) | |
| v. ) | Request for Hearing: July 18, 2005 |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| ) | |
| Student Attending: ) | |
| Elliot Junior High School ) | |

## INTERIM ORDER

| | |
|---|---|
| Parents: | Ms. Sarah Lee, Mother |
| | 880 Southern Avenue, S.E. |
| | Washington, D.C. 20032 |
| | |
| Counsel for Petitioner: | Christopher L. West, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| Counsel for DCPS: | Lenore Verra, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Charon Lee |
|---|---|
| Child's Parent(s) (specific relationship) | Sarah Lee, Mother |
| Child/Parent's Representative | Christopher L. West, Esquire |
| School System's Representative | Lenore Verra, Esquire |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a fifteen year-old student attending Elliot Junior High School ("Shaw"). On July 18, 2005, Petitioner filed a *Due Process Complaint Notice* ("*Petition*") alleging that the District of Columbia Public Schools ("DCPS") had failed to comply with the terms of a settlement agreement.[1] The due process hearing was convened on September 19, 2005. Petitioner's counsel objected to DCPS' proposed Exhibit No. 1, meeting notes from a Resolution Session Meeting conducted on August 1, 2005. The hearing officer overruled the objection. In the recently amended IDEA, Congress included the Resolution Meeting specifically to encourage the parties to engage in good faith negotiations with the aim of resolving promptly and informally the issues identified in the complaint. Thus, IDEA differs from ordinary civil litigation where there is no mandate to settle, and where a party's willingness to settle might signal an admitted vulnerability. Under IDEA, settlement negotiations are an integral part of the administrative process. Only hearing officers are in position to monitor these meetings to determine whether the parties engaged in good faith efforts to resolve the allegations. Therefore, the meeting notes of the Resolution Meetings are part of the record of the proceeding and will be admitted into evidence by this hearing officer until directed otherwise by the courts. The parties Five-Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered testimonial evidence at the hearing.

**Findings of Fact**

1. Petitioner is a fifteen year-old student attending Elliot.[2]

2. On February 23, 2005, DCPS convened a Multidisciplinary Team ("MDT") meeting. The MDT determined that Petitioner was eligible for special education services as an emotionally disturbed child. The MDT prescribed full-time specialized instruction

---

[1] The *Petition* alleged additional facts that predated a settlement agreement dated May 26, 2005. That agreement constituted a "full satisfaction and settlement of all the claims contained in the pending hearing request, and including all claims that the parent now asserts or could have asserted as of the date of this agreement." Therefore, Petitioner is estopped from relitigating claims that were, or could have been, raised in the previous proceeding.

[2] *Request* at 2.

3

and one hour per week of speech and language therapy.[3] The MDT placed Petitioner at Eliot.[4]

3. On May 26, 2005, the parties entered into a settlement agreement in which DCPS agreed "to convene an MDT/IEP meeting within 20 school days to determine placement and issue a Notice of Placement."[5]

4. DCPS did not convene an MDT meeting within 20 school days of the execution of the settlement agreement.

5. The Petition was filed on July 18, 2005.[6]

6. On August 1, 2005, DCPS convened a Resolution Meeting. The parent failed to appear for the meeting because it was not scheduled within fifteen days of the filing of the *Petition*.[7]

7. DCPS proposes that Petitioner be home-schooled due to her fear of attending school and of being around others.[8]

8. Petitioner has been accepted at Rock Creek Academy ("RCA").[9]

**Conclusions of Law**

1. The recently amended IDEA requires the local educational agency ("LEA") to convene a Resolution Session Meeting

> [w]ith the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint... where the parents of the child discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided the opportunity to resolve the complaint... If the local educational agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all of the applicable timelines for a due process hearing under this part shall commence.[10]

In this case, counsel for Petitioner frustrated the clear intent of Congress to promote resolutions, if possible, at the Resolution Session Meeting. Counsel advised his client not to appear for the Resolution Session Meeting to "preserve her rights" for DCPS' having

---

[3] Petitioner's Exhibit ("P.Exh.") No. 5 at 1.
[4] P.Exh. No. 7.
[5] P.Exh. No. 3 at 1.
[6] The *Petition* was date stamped by DCPS on July 18, 2005.
[7] DCPS Exh. No. at 1.
[8] Representation by counsel for DCPS.
[9] Representation by Petitioner's counsel.
[10] 20 U.S.C. §1415(f)(1)(B).

4

failed to convene the meeting within the statutory fifteen-day limit.[11] In fact, the Resolution Meeting was convened on August 1, 2005, which was within the fifteen-day limit. Moreover, even if DCPS proposed a date that violated the fifteen-day limit, it was incumbent upon the parent to attend that meeting because of the potential for an early resolution of the dispute and a more prompt facilitation of appropriate relief to the Petitioner. The only reason this hearing officer can imagine that Petitioner's counsel would decline an opportunity to resolve Petitioner's complaint at the Resolution Meeting is the new law's absence of a specific provision for attorneys fees in the event of an agreement reached at the Resolution Meeting. The absence of a provision for attorneys' fees does not justify avoiding an opportunity for a prompt resolution of the client's complaint. In fact, advising the parent to avoid the opportunity to resolve the child's claim informally, primarily to preserve a claim for attorneys' fees, may violate the attorney's ethical duty to his client.

2. The hearing officer will order that DCPS place Petitioner at RCA on an interim basis, because DCPS offered no proffer that it was prepared to offer a specific, appropriate placement. However, the Petitioner is not the prevailing party in this proceeding. Petitioner's counsel's advice that resulted in the parent failing to appear for the Resolution Meeting deprived DCPS of the opportunity to offer an acceptable disposition without resorting to a due process hearing.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel, this 21st day of September 2005, it is hereby

**ORDERED**, that DCPS shall immediately issue a Prior Notice placing Petitioner at RCA, including transportation and all appropriate related services, on an interim basis until the issuance of the Prior Notice described below.

**IT IS FURTHER ORDERED**, that no sooner than thirty days after Petitioner's enrollment at RCA and no later than sixty days after said enrollment, DCPS shall convene a Multidisciplinary Team ("MDT") meeting. DCPS shall coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, through Petitioner's counsel, Christopher L. West, Esquire, (202) 742-2000. The MDT shall review all current evaluations, discuss Petitioner's progress at RCA, update Petitioner's IEP, and discuss placement alternatives.

**IT IS FURTHER ORDERED**, that DCPS shall afford Petitioner's parents an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parents of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parents. DCPS shall provide Petitioner's parents

---

[11] 20 U.S.C. §1415(f)(1)(B)(i)(I).

5

an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if it places Petitioner in a public facility; if it places Petitioner in a private facility, DCPS shall issue a Prior Notice within 30 days of the MDT meeting.

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that within seven days of the MDT meeting, both parties shall provide the hearing officer written notification of the status of Petitioner's 2005-2006 educational program and placement. The hearing officer shall retain jurisdiction of this matter until that time to enter a final decision or to reconvene a hearing to adjudicate any allegation that DCPS failed to meet its deadlines in this Order or continues to violate IDEA. In the event a party files a status report prior to the date provided above, the other party shall file a reply within seven days. In the event a party fails to file a status report, the hearing officer will deem the representations in the other party's status reports as conceded.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

_____
Terry Michael Banks
Hearing Officer

Date:  September 21, 2005

Issued:  _9-21-05_

Copies to:

Christopher L. West, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Lenore Verra, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

6