# EXHIBIT 3

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**ADMINSTRATIVE DUE PROCESS HEARING REQUEST**

➤ This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.

➤ This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

**STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED**

Student Name: _Monice Smith_   DOB: _September 7th, 1989_

Address: _4229 3rd Street, NW, Washington, DC 20011_

Present School of Attendance: The Commonwealth Academy

Home School: Theodore Roosevelt Senior High School
(Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST:**   _The District of Columbia Public Schools_
DCPS and/or D.C. Public Charter School-specify   charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name: _Ms. Wanda Smith_

Address: _4229 3rd Street, NW, Washington, DC 20011_

Phone: (H) _____ (W) _____ (Fax) _____

Relationship to Student: _X_ Parent  ___ Self  ___ Legal Guardian  ___ Parent Surrogate  ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: _Roxanne Neloms, Esq._   Phone: (W) _202-742-2000_   (Fax) _____

Address: _____

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   __July 18th, 2005__   __July 19th, 2005__   __July 20th, 2005__

Mediation:  _____   _____   _____

> **FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**
>
> **FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

    Interpreter
    ___ Foreign Language _____
    ___ Sign Language _____
    ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below: (You may attach additional pages to provide more information if needed.)

Describe the nature of the problem:

1. **Denial of a Free and Appropriate Public Education – Violation of the Order of the Independent Hearing Officer.** An administrative due process hearing was held for the student on or about November 3rd, 2004. As a result of that hearing, the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "reimburse the parent for the reasonable costs, not to exceed three thousand three hundred eighty dollars ($3,380), for tutoring at the approved DCPS rate, that the parent has incurred for the period of September 7, 2004 through October 1, 2004, upon submission to DCPS of the receipt(s) for those services. See Order dated November 12th, 2004.

Counsel for the parent, on or about November 16th, 2004, wrote to the DCPS Office of Mediation and Compliance, pursuant to the Order of November 12th, 2004, providing copies of the parent's invoices from the tutoring services she secured independently for the student. See Correspondence dated November 16th, 2004. To date, well over nine (9) months have passed and DCPS has yet to reimburse the parent for these expenses.

2. **Denial of A Free and Appropriate Public Education – Failure to Comply with 34 C.F.R. Sec. 300.536(b) of the Individuals with Disabilities Act.** According to 34 C.F.R. Sec. 300.536(b) of the IDEA, DCPS, DCPS is to reevaluate a student if the teacher requests, parent requests, conditions warrant, but at least once every three (3) years. In the instant matter, it is clear that DCPS has failed to comply with the statute.

Specifically, the student, who attends the Commonwealth Academy, is eligible to receive special education and its related services as a student who is deaf/hard of hearing. An MDT/IEP was held for the student on May 24th, 2005. At the MDT/IEP Meeting, the MDT Team decided that the student was in need of a new speech and language evaluation, to include a TOWL or OWL assessment, and an updated audiological. The evaluations are a critical component to the student's Individualized Educational Program. The evaluations were assigned on May 24th, 2005. To date, DCPS has yet to conduct the student's recommended evaluations. DCPS' failure to comply with 34 C.F.R. Sec. 300.536(b) of the IDEA.

4. **Denial of a Free and Appropriate Public Education – Failure to Provide the Student with Compensatory Education Services. Denial of a Free and Appropriate Public Education -** Failure to Timely Provide the Student with his Special Education and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is

not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

The student, at all relevant times hereto, resided in the District of Columbia and attended a District of Columbia Public School ("DCPS"). An MDT/IEP Meeting was held for the student on or about May 24th, 2005, as a result of the most recent settlement agreement entered into between the DCPS and counsel for the parent. See Individualized Educational Program dated May 24th, 2005. At the MDT/IEP Meeting the MDT Team determined that the student was eligible for special education and its related services as a student who is deaf/heard of hearing. Id. The MDT Team determined that the student required twenty eight (28) hours of special education instruction week. Id. a

At the conclusion of the MDT/IEP Meeting, when the time came to discuss what amount of compensatory education the student is entitled to receive, DCPS informed the parent that they were only willing to offer the student, three (360) hours of compensatory education. See MDT/IEP Meeting Notes dated May 24th, 2005. The parent and her educational advocate rejected this amount and countered with one thousand (1,000) hours. Id. The parent and educational advocate requested 1,000 hours of compensatory education based on the fact that the student, for well over three (3) years had been waiting for DCPS to develop an appropriate IEP. Indeed, DCPS, at the time the student's IEP was developed and an appropriate placement determined, was in violation of no less than seven (7) administrative orders and settlement agreements. Had DCPS timely and fully evaluated the student, developed an appropriate IEP, timely convened MDT/IEP Meetings, and timely located an appropriate placement, the student would have been receiving services prior to the start of the 2003-2004 school year. DCPS' failure to provide the student with a sufficient amount of compensatory education services amounts to a denial of a Free and Appropriate Public Education.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

1. Did DCPS deny the student with a Free and Appropriate Public Education by failing to comply with the November 16th, 2004 Order of the independent hearing officer.

2. Did DCPS deny the student with a Free and Appropriate Public Education by failing to comply with 34 C.F.R. Sec. 300.536(b) of the IDEA.

3. Is the student entitled to compensatory education services.

**Describe relevant facts relating to the problem:**

See section under Nature of the Problem.

**State how you would like to see the problem corrected:**

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to comply with the November 16th, 2004 Order of the independent hearing officer.

2. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to comply with 34 C.F.R. Sec. 300.536(b) of the IDEA.

3. A finding that the student entitled to compensatory education services.

4. DCPS agrees to fund the parent's independent speech and language and audiological evaluation.

5. DCPS, within fifteen (15) business days of receipt of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review the student's evaluations and revise and update the student's IEP as necessary.

6. DCPS, agrees to fund 1,000 hours compensatory education services.

7. Based on the finding of fact and conclusion of law, the relief obtained by the parent materially alters the legal relationship of the parties by modifying the DCPS behavior in a way that benefits the parent.

8. The DCPS agrees to provide the student with three (3) years of compensatory education. In the event the DCPS fails to begin providing the compensatory education within thirty (30) calendar days after development of the student's final IEP, the parent will have the right to secure independent tutoring and related services at DCPS' expense.

9. The parent is the prevailing party.

_Roxanne Nelson_ /s/
Signature of Applicant/Parent (Required)

_June 30th, 2005_
Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
Student Hearing Office of the District of Columbia
828 North Capitol Street, NE, 8th Floor
Washington, DC 20002  FAX: (202) 442-5556

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO              3017
    CONNECTION TEL                    92024425556
    CONNECTION ID
    ST. TIME              06/30 12:39
    USAGE T               00'59
    PGS. SENT             7
    RESULT                OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Tilman L. Gerald |
| Brenda McAllister*◊ | Suite 700 | Roxanne D. Neloms |
| Roberta Gambale | Washington, DC 20005 | John A. Straus |
| Miguel A. Hull | Telephone: (202) 742-2000 | Dolores S. McKnight |
| Christopher L. West | Facsimile: (202) 742-2098 | Marshall Lammers° |
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE: June 30th, 2005

FAX NO: 202-442-5556

SUBJECT: M.S., DOB: 9/7/89

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS: Administrative due process hearing request. Thank-you for your assistance.

---

STATEMENT OF CONFIDENTIALITY: