# EXHIBIT 4

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
**CONFIDENTIAL**
**Coles B. Ruff, Jr., Due Process Hearing Officer**

| | |
|---|---|
| In the Matter of Monice Smith ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: September 7, 1989 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| Petitioner, ) | Hearing Date: August 15, 2005 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Commonwealth ) | |
| Respondent. ) | |

Counsel for Student:     Roxanne Neloms, Esq.
                         Domiento C.R. Hill
                         1220 L Street NW #700
                         Washington, DC 20005

Counsel for DCPS:        Quinne Harris Lindsey, Esq.
                         Office of General Counsel
                         825 North Capitol St. NE
                         Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on August 15, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 30, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (MS 1-64 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of hard of hearing. The student has attended the Commonwealth Academy. (Commonwealth) since January 2005. Prior to attending Commonwealth the student attended Wilson Senior High School. (MS 43, Stipulation)

A Hearing Officer's Determination (HOD) issued November 12, 2004, required DCPS to convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to, inter alia, discuss and determine the amount of additional compensatory education due the student. (MS 14)

When the MDT convened on May 24, 2005, the MDT developed a compensatory education plan which provided for 360 hours of individualized tutoring including 278 hours the student had already received. DCPS agreed to reimburse the parent for the tutoring the student had already received. The period that the compensatory education covered was March 2003 through April 2004 for the student being in an inappropriate placement. (MS 44)

Commonwealth is a general education private day school. The student was placed at Commonwealth pursuant to Hearing Officer's Determination. At the May 2005, MDT/IEP meeting the student's teachers indicated the student was progressing well. DCPS opened the discussion regarding compensatory education. Dr. Maxine Gayle was DCPS' representative at the meeting. The parent's advocate wanted DCPS to make an offer of compensatory education. Dr. Gayle asked the advocate to indicate what services the student had missed. The advocate requested 1000 hours as compensatory education. Dr. Gayle indicated that the student would be given one year of tutoring from August 2004 until August 2005. The parent indicated that the student had received an average of 30 hours per month of tutoring and had received 278 hours up until the time of the May 2005 meeting. Dr. Gayle agreed to provide the student an additional 30 hours per month through August 2005, and drafted the compensatory education plan to reflect those hours. (Dr. Gayle's testimony)

The parent alleged the student was due 1822[2] hours of compensatory education from March 2003 until the student was placed at Commonwealth, taking into account the

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] The parent's counsel alleged the student was due 1904 hours of compensatory education from March 2003 until January 2004. From 1904 the parent's counsel deducted 82 hours remaining from the 360 hours in the 5/24/05 compensatory education plan that the student had not yet received. Parent's counsel alleged

2

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

amount of compensatory education the student had already been awarded. (Parent's counsel's representation)

Because of the amount of compensatory education was not resolved the parent's counsel filed the current hearing request alleging that and other issues. The parties settled all issues raised in the hearing request except the final amount of compensatory education the student is due. The Hearing Officer incorporates the settlement by the parties of issues other than compensatory education in the Order below.

The Hearing was not concluded. Both DCPS and the parent's counsel requested an opportunity to present additional evidence as to the amount of compensatory education that is warranted.

### ISSUE(S):

Did DCPS deny the student FAPE by failing to provide the student adequate compensatory education to compensate her for the missed services?

### CONTENTIONS OF THE PARTIES:

DCPS counsel asserted the following:

1. The amount of compensatory education was defined at the Mary 24, 2005, MDT meeting and the parent signed the agreement.
2. That was the amount of compensatory education that was needed to remediate the student for missed services.
3. An hour for hour compensation for missed services is not warranted.
4. The student is only receiving specialized instruction in the IEP.

The parent's counsel asserted the following:

1. The student was not provided services while she attended Wilson.
2. The student was receiving services while at Hardy Middle School and was not provided services at Hardy from March 2003.
3. She began attending Wilson in September 2003 and was not provided services there.
4. The parent is open to an amount of 200 hours of compensatory education.

---

that at the 5/24/05 MDT meeting the parent's advocate offered to compromise at 1000 hours for the total hours due the student.

3

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

**ORDER:**

1. DCPS shall fund and the parent shall obtain the following independent evaluation(s) consistent with the Superintendent's cost guidelines: speech/language.

2. DCPS shall conduct an audiological evaluation within thirty (30) calendar days of the issuance of this Order.

3. DCPS shall, within fifteen (15) school days of the its receipt of the above listed independent evaluation, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations and review and revise the student's IEP.

4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

6. Adjudication of the compensatory education issue is hereby continued to a date to be set by the DCPS Student Hearing Office.

(In the Matter of   DOB:   HOD: August   2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: August 29, 2005

Issued: __8-29-05__

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

## In the MATTER OF Monice Smith V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MS 1-64 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

## In the MATTER OF Monice Smith V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 6/30/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 7/15/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

7

(In the Matter of MS DOB 9/7/89 HOD August 29, 2005)

## INDEX OF NAMES

### In the MATTER OF Monice Smith V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roxanne Neloms, Esq. Domiento C.R. Hill, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. |
| Parent's Educational Advocate | |
| DCPS Placement Specialist | Maxine Gayle, Ph.D. |

8