# EXHIBIT 6

EXHIBIT
TB-7

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Tyrone Barnes ("Student") ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: June 11, 1992 ) | |
| Petitioner, ) | Hearing Date: August 23, 2005 |
| v. ) | Held at: 825 North Capitol Street, NW |
| ) | 8th Floor |
| ) | Washington, DC 20002 |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | Attending School: |
| Washington, DC 20002 ) | Johnson JHS |
| ("DCPS" or "District") ) | |
| ) | Hearing Request: |
| Respondent._____ ) | June 10, 2005 |

Counsel for Guardian:          Delores S. McKnight, Esq.
                               1220 L Street.
                               Suite 700
                               Washington, D.C. 20005

Counsel for DCPS:              Karen J. Herbert, Esq.
                               District of Columbia Public Schools,
                               9th Floor
                               825 North Capitol Street, NW
                               Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

1

## INDEX OF NAMES

Tyrone Barnes v. DCPS

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Special Education Coordinator, DCPS | Ms. Vivian Jennings |
| Education Advocate | Ms. Michelle Moody |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Ms. Tiffanie P. Little |
| Child/Parent's Representative | Delores Scott McKnight, Esq. |
| School System's Representative | Karen J. Herbert, Esq. |
| | |

2

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

A Due Process Hearing was convened on July 23, 2005 and was continued on the agreement of the parties to August 22, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated June 10, 2005.

**ISSUE:**

Whether DCPS developed an appropriate IEP fort the student?

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

1. The student has been determined eligible for special education with a specific learning disability. An IEP was developed for him on June 3, 2004 by the Turner Elementary School requiring that he receive 20 hours of specialized instruction and that 64% of the time he was to be out of a general education setting.[2] The IEP does not list any related services to be offered to the student. The mother signed the IEP agreeing with its contents.[3]

2. Instead of Turner, the student attended Johnson JHS for the 2004-2005 school year. Ms. Vivian Jenkins, Special Education Coordinator at Johnson testified that Johnson implemented the IEP that Turner had developed. Ms. Jennings testified that she started dealing with the student upon his enrollment at Johnson. She testified that previously the student had received the related services of speech and language services, but this was no longer in his IEP from Turner.

3. Ms. Jennings testified that on June 1, 2005, an IEP was developed at Johnson. The IEP increased the amount of special education instruction the student was to receive to 25 hours a week and that he would be out of a general education setting 77% of the time. No related services are listed in the

---

[2] DCPS-02
[3] Id., Cover Page

3

IEP and the mother signed the IEP agreeing with its contents.[4] Ms. Jennings testified that the hours of special education instruction was increased at the request of the mother.

4. Ms. Jennings testified that the student received special education for his academic areas: reading math, English/written expression and science. At the June 1, 2005 IEP meeting, the mother raised a concern about the student not going to reading, but instead he went to PE class.[5] Ms. Jennings testified that the student did this on his own, because his schedule required him to go to reading and not PE and that he was not transferred out of reading.

5. The parent also had concerns about the Present Levels of Performance ("PLOP") that the IEP required. The copy of the June 1, 2005 IEP that the parent produced[6] did not reveal the PLOP; however, the IEP that DCPS disclosed[7] does include the PLOP.

6. The parent testified that she expressed her concerns about the lack of services that the student was receiving in her letter dated December 8, 2004.[8] The letter is not addressed to any particular person. Ms. Jennings testified that she did not receive the letter. No confirmation that the letter was received by DCPS was disclosed.

7. The parent also expressed a concern that the student should have been in a small classroom setting and that this was discussed at the June 3, 2004 IEP meeting at Turner by Mr. Hunter, the student's general education teacher there.[9] She also went on to testify that some of the student's classes at Johnson were small. The mother also testified that she did not request counseling at the June 1, 2005 IEP meeting and that she signed the IEP agreeing to its contents.

8. Ms. Michelle Moody testified at the Hearing on behalf of the parent. Ms. Moody serves as the student's educational advocate. Ms. Moody testified that she had a concern with the IEP because there are no Present Levels of Performance ("PLOP") included in the copy she reviewed that the mother had provided. Furthermore, she testified that although the student is in the 8th grade, he is functioning at a 2nd grade level in reading. She testified that counseling was needed for the student because he is going into the 8th grade and reading at such a low leer.

## DECISION AND CONCLUSIONS OF LAW:

1. Based on the evidence, two IEPs are relevant; an IEP developed by Turner ES on June 3, 2004 requiring 20 hours of specialized instruction and the 2nd IEP developed by Johnson ES requiring 25 hours of specialized instruction. The parent signed both IEPs. Furthermore, the increase in the number of hours in the Johnson IEP was at the request of the mother. Neither IEP had related services mentioned.

---

[4] DCPS-01
[5] TB-13
[6] TB-14
[7] DCPS-01
[8] TB-17
[9] TB-20

4

2. There is a discrepancy in the June 1, 2005 IEP. Apparently, the copy that the mother received did not include the PLOP; however, DCPS did prepare an IEP with the PLOP included, but for the PLOP, the IEPs disclosed by the parties are identical. There is no evidence in the record as to why the IEPs are not the same in all respects.

3. The mother testified that the student went to PE rather than the reading class he was supposed to be attending, however, there is no evidence that the student was directed to do so or that his scheduled was revised; however, it appears he did so on his own.

4. Based on the record, there is no basis to conclude that DCPS denied the student FAPE; however, in view of the problem with the mother having an incomplete IEP, an MDT meeting should be held to ensure that the IEP the mother has is the same as that being implemented by Johnson.

**ORDER:**

1. Within 15 school days of issuance of this HOD, DCPS will convene an MDT/IEP meeting at Johnson to review and revise the student's IEP, as necessary and ensure that the PLOP are included.

2. The scheduling of the MDT/IEP meeting will be through parent's counsel and a delay on the part of the parent, counsel for the parent or the student will extend any applicable time line by one day for each day of delay.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
David R. Smith, Esq.
Impartial Hearing Officer

Date: 9-6-05

Issued: 09-6-05

5

Case 1:06-cv-00276-RBW    Document 12-7    Filed 01/12/2007    Page 7 of 9

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Tyrone Barnes, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
|     Respondent. ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in the above-entitled matter as of this date, consisting of the items admitted into evidence, including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this 6th day of September, 2005.

_____
DUE PROCESS HEARING OFFICER

## MATTER OF TYRONE BARNES V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6-10-05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 7-29-05 | Notice of Due Process Hearing |
| 7-18-05 | DCPS Disclosure Exhibits: |
| 7-23-05 | Audio recordings of hearings |
| 8-16-05 | Parent Disclosure Exhibits: TB-1 through TB-25 |

# District of Columbia Public Schools
## Office of Compliance
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## FACSIMILE SHEET

Date: 09-6-05

TO: D. McKnight

FROM: STUDENT HEARING OFFICE

RE: HOD- Tyrone Barnes

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

9/7.
wms,
pls distribute copy to appropriate persons, including advocate and parent - and copy to me and file. tks!
—S

**CONFIDENTIALITY NTOICE:** The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.