UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMISA ARMSTEAD, for : <br> D.A., a minor, et al., : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, et al., : <br> : <br> **Defendants.** : <br> : | Civ. No. 06-0276 (RBW) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' FURTHER MOTION TO DISMISS**

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to the Defendants' Further Motion to Dismiss," filed herein January 12, 2007 ("Opposition"). [1]

**PRELIMINARY STATEMENT**

On December 27, 2006, Defendants filed their further motion to dismiss (hereinafter "Motion") the attorneys' fees claims of five of the remaining nine Plaintiffs, C.L., J.H., M.S., T.B. and J.P., because these plaintiffs were not prevailing parties entitled to attorneys' fees under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Although Plaintiffs argue that they were, in fact, prevailing parties, their Opposition fails to support that claim and, therefore, Defendants' Motion should be granted.

---

[1] Under LCvR7 (b), opposing points and authorities must be filed within 11 days of service of a Motion. Since Defendants filed their Motion on December 27, 2006 and Plaintiffs did not file their Opposition until January 12, 2007, Plaintiffs' Opposition in this matter is untimely.

1

## **ARGUMENTS**

### A.     The hearing officer's decision is clear that C.L. is not a prevailing party.

The administrative hearing officer determined that "Plaintiff [C.L.] is not a prevailing party" and that conclusion has not been challenged by the Plaintiffs. Motion pp. 3-4. In their Opposition, Plaintiffs argue that C.L. is a prevailing party irrespective of the hearing officer's decision since DCPS was ordered to provide her some relief. Opposition, pp. 4-5.

While C.L.'s hearing officer's decision did order DCPS to issue a "Prior Notice" to place C.L. at the Rock Creek Academy *on an interim basis*, and to convene an MDT meeting to discuss and determine C.L.'s *permanent* placement, it nonetheless concluded that Plaintiff was not a prevailing party. Opposition, Exhibit 2, HOD. The hearing officer found that C.L. was not a prevailing party because her counsel frustrated the resolution process and "deprived DCPS of the opportunity to offer an acceptable disposition without resorting to a due process hearing." HOD, pp. 4-5.

> The only reason this hearing officer can imagine that Petitioner's counsel would decline an opportunity to resolve Petitioner's complaint at the resolution meeting is the new law's absence of a specific opinion for attorneys' fees in the event of an agreement reached at the resolution meeting.

HOD, p. 5.

The interim placement and meeting was ordered by the hearing officer because he found that C.L.'s counsel frustrated the due process procedures set forth in the IDEIA. Furthermore, this relief was only ordered in the interim, until the issue of a permanent placement was resolved at an MDT meeting. Moreover, the interim order did not grant relief on the merits C.L.'s claims and, at best, was intended to foster a resolution without

2

finding C.L. was a prevailing party. An award of attorneys' fees here would contradict the hearing officer's intent and finding, and further diminish Plaintiffs' regard for the intent of Congress to resolve IDEIA matters at the resolution phase.

Finally, although the Plaintiffs do not challenge the HOD here, they seem to be recommending that this Court look beyond the HOD and make its own conclusion as to whether C.L. is a prevailing party. Opposition, p. 5. While this court is authorized to make an independent determination, "it must also give due weight to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons v. Smith, 829 F. Supp. at 414, 418 (D.D.C. 1993). Accordingly, unless there is a significant basis for disregarding the hearing officer's determination, this ruling must stand. And the Plaintiffs have made no showing here that the "due weight" owed to that ruling should be ignored.

### B.   "Judicial Imprimatur" is absent as to the claims of M.S.

In their Motion, Defendants argued that M.S. is not a prevailing party because the settlement reached did not resolve the merits of M.S.'s administrative complaint. Motion, p. 4. In their Opposition, Plaintiffs argue that the settlement automatically and unequivocally conferred prevailing party status because it amounted to an administrative consent decree. Opposition, pp. 5-6.

In Abraham v. District of Columbia, 338 F. Supp. 2d at 113 (D.D.C., 2004), the Court clearly stated that even if a settlement agreement *is* properly incorporated into an HOD, an IDEIA claimant may be eligible for attorneys' fees, but only "*assuming that the HOD offers sufficient relief on the merits.*" 338 F. Supp. 2d at 120 (emphasis added).

3

Here, the settlement did not reach, let alone resolve, the merits of the M.S's hearing complaint.

M.S.'s due process complaint raised three claims: 1) the parent's request for 1822 hours of compensatory education, 2) $3,380.00 reimbursement for private tutoring and 3) a new speech and language evaluation (with an updated audiological evaluation). Opposition, Exhibit 3, p. 4. The parties did not reach a conclusion as to the compensatory education claim, and the hearing officer stated, ". . . the hearing was not concluded. Both DCPS and the parent's counsel requested an opportunity to present additional evidence as to the amount of compensatory education that is warranted." Opposition, Exhibit 4, HOD p. 3. The parties also did not reach an agreement as to the claim for $3,380.00 for reimbursement of private tutoring. This claim was not even mentioned on the record. HOD, generally.

For prevailing party status, Plaintiffs rely on a new speech/language evaluation and updated audiological evaluation being ordered by the hearing officer. Opposition, p. 6. However, DCPS had already agreed to perform these evaluations at a May 24, 2005 MDT meeting, prior to the hearing officer's decision of August 29, 2005, which ordered the evaluations to be conducted. M.S. should not be considered a prevailing party because there was no meaningful alteration of the parties' legal relationship, since the evaluations were already agreed to by DCPS because M.S. was due for new/updated evaluations.

Plaintiffs attempt to distinguish J.K. v. Fayette County Bd. of Educ., 2006 U.S. Dist LEXIS 56792 (D. Ky. 2006), on which Defendants relied in their Motion. Opposition, p. 7. There, the Court held that in IDEIA cases, "an order requiring a

4

government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship." J.K. at *11.  That holding cannot be distinguished by the fact that here the parties reached a settlement agreement, whereas in J.K. the court only affirmed two paragraphs of the hearing officer's order.  J.K. at *11-12.  Regardless of the fact that some claims here were settled, the hearing officer only ordered DCPS to convene evaluations that DCPS was already willing to do.  Similar to J.K., such an order cannot be said to generate a "meaningful alteration of the parties' legal relationship" and, therefore, Plaintiffs are not prevailing parties entitled to attorneys' fees.

Finally, Plaintiffs' reliance on Select Milk Producers, Inv. v. Johanns, 400 F.3d 939 (D.C. Cir. 2005) (Opposition, p. 7) is misplaced.  That case determined that the decision in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001)

> . . . embraces the possibility that, under certain circumstances, a preliminary injunction, like a consent decree, may result in a court-ordered change in the legal relationship between the parties that is sufficient to make the plaintiff a "prevailing party" under a fee-shifting statute like [the Equal Access to Justice Act, 28 U.S.C. §2412].

Select Milk Producers, 400 F.3d at 945.  Also, Plaintiffs' reliance on A.R. ex rel. R.V. v. New York City Department of Educ. 407 F. 3d 65, 74-78 (2d. Cir. 2005), holding that settlement agreements incorporated into HODs contain sufficient *judicial imprimatur* to confer prevailing party status, fails to consider this jurisdiction's holding in Abraham, supra, that Plaintiff would only be a prevailing party *"assuming that the [terms of the settlement agreement in the] HOD offers sufficient relief on the merits."* 338 F. Supp. 2d at 120 (emphasis added).

5

### C.  A finding of a denial of FAPE as to T.B. and J.P. does factor into whether prevailing party status is conferred.

Defendants argued in their Motion that T.B. and J.P. are not entitled to attorneys' fees because they failed to prove a denial of a free appropriate public education ("FAPE") at the administrative level. Defendants also showed there was no material alteration of the parties' legal relationship because the action(s) ultimately taken by the hearing officers were "*de minimis*," and did not provide a basis for an award of attorneys' fees. Motion, p. 5-6.

In their Opposition, Plaintiffs allege that the hearing officer's findings that DCPS did not deny T.B. and J.P. FAPE are irrelevant and should not even be factored into deciding prevailing party status, which is "determined by whether there has been a significant change in the legal relationship of the parties." Opposition, p. 8-9. In effect, Plaintiffs argue that this Court should ignore the key question posed under the IDEIA-- whether or not a school denied a student FAPE-- when considering a party's prevailing party status. Rather, they rely on remedies that the hearing officer offered to T.B. and J.P., remedies fashioned for reasons other than a denial of FAPE.

However, those remedies were *de minimis*, and did not *materially* change the legal relationship of the parties. As to J.P., the hearing officer states that the failure to conduct an evaluation was only a "technical violation of the IDEIA" and there was no evidence that this denied an educational benefit. Complaint Exhibit 33, HOD, p. 6 para 5. The court in Park v. Anaheim Union High Sch. Dist., 2006 U.S. App. LEXIS 24638, *25 (9th Cir. 2006), stated:

> [W]e have held that if success is insignificant, then a court may find that a party that succeeds on some claims is nonetheless not a prevailing party. Specifically,

6

>   attorney's fees may be properly denied "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or de minimis." <u>Kletzelman</u>, 91 F.3d at 71 (internal quotation marks omitted).

<u>Id.</u> at 23-24. Plaintiffs' argument that J.P. is a prevailing party because a vocational assessment was ordered is not enough to convey prevailing party status because there was no denial of FAPE by DCPS and the relief ordered was *de minimis*.

T.B.'s allegation that an IEP was ordered because there was a finding that the current IEP was inappropriate is misleading. An MDT meeting was ordered by the hearing officer only "to ensure that the [IEP] the mother has is the same as that being implemented by [the school]." Opposition, Exhibit 6, HOD, p. 5. Here, the IEP was only inappropriate *as to the proper information listed in the IEP and not as to the services provided by DCPS*. Thus, the hearing officer stated there is "no basis to conclude DCPS denied FAPE" because T.B. did not prevail on the merits of any claim that the educational services provided by DCPS were not affording him an educational benefit. HOD, p. 5. Similar to J.P., T.B.'s limited success, if it can even be characterized as such, is purely technical and *de minimis*.

### D. Judicial economy requires the dismissal of the claims of J.H.

In their Motion, Defendants argued that the interim order and the final order concerning J.H. are plainly parts of the same administrative proceeding and, thus, her claim here concerning the interim order should be dismissed and should instead be addressed in <u>Abarca v. District of Columbia</u>, Civ. No. 06-1254 (D.D.C., filed July 12, 2006) where the final order is already being considered. Motion, pp. 7-8. Plaintiffs' Opposition alleges that each hearing arose out of a different set of facts and, therefore, Plaintiffs' claims should not be dismissed here. Opposition, p. 10-11.

Plaintiffs' Opposition fails to provide adequate reasons not to dismiss J.H. from this action. Even if each of J.H.'s claims arose out of a different set of facts, the *interim* hearing officer's decision of September 19, 2005, ordered a placement meeting to discuss and determine a proper permanent educational placement. The final hearing officer's decision dated February 14, 2005, ordered just that. Motion, Exhibit B, HOD. Since the second hearing disposed of the claims from the first hearing, any resulting fee claims should have been brought in the same legal action. Among counsels' other Complaints with vast numbers of Plaintiffs seeking attorneys' fees, 50 Plaintiffs were originally named in this action and 60 Plaintiffs in Abarca v. District of Columbia. Allowing Plaintiff to name the same Plaintiff in different actions for a related matter is exceedingly burdensome, confusing, and a waste of judicial time and resources. Therefore, all claims as to J.H. regarding the first hearing should be dismissed without prejudice to their being heard in Abarca v. District of Columbia.

## **CONCLUSION**

Plaintiffs' allegations that C.L., M.S., T.B. and J.P. achieved prevailing party status because the hearing officers ordered some remedy is insufficient to demonstrate that the remedies ordered materially altered the legal relationship of the parties. Additionally, the relief ordered did not reach the merits of the Plaintiffs' claims. These Plaintiffs are not prevailing parties entitled to attorneys' fees and their claims here should be dismissed.

The claim of J.H. should also be dismissed here and heard in Abarca v. District of Columbia because her claims in that Complaint are related to her claims here, and

Defendants and this Court should not have to piecemeal the facts of various hearings regarding J.H.'s placement in two different proceedings.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LINDA SINGER<br>Acting Attorney General<br>for the District of Columbia |
|  | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
|  | */s/ Edward P. Taptich*<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section II |
|  | */s/ Amy Caspari*<br>Amy Caspari [#488968]<br>Assistant Attorney General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 724-7794 |
| January 25, 2007 | email:  amy.caspari@dc.gov |